Riley *et al. v.* The State.

Filed May 26, 1884.

---

No. 11,493.

## RILEY ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Obstructing Railroad.*—*Indictment.*—An indictment for obstructing a railroad track, under R. S. 1881, section 1960, if it follow the language of the statute, need not state evidence from which it will appear that the obstruction was such as would endanger the passage of trains or throw engines or cars from the track.

SAME.—*New Trial.*—*Separation of Jury.*—In a criminal case the separation of the jury after retirement to deliberate, unattended by an officer, without leave of court, though made a cause for new trial by statute, R. S. 1881, section 1842, yet, in view of section 1891, the Supreme Court can not reverse on that ground where it affirmatively and clearly appears that the substantial rights of the defendant suffered no injury; but if in such case there be a doubt of guilt from the evidence, or whether the the jury were tampered with, it will reverse.

From the Marshall Circuit Court.

*B. L. Crawford, H. Corbin* and *C. Kellison,* for appellants.

*F. T. Hord,* Attorney General, *E. C. Martindale* and *W. B. Hord,* for the State.

HAMMOND, J.—Indictment in seven counts, charging the appellants with placing an obstruction upon the track of the Pittsburgh, Fort Wayne and Chicago Railroad, so as to endanger the passage of trains, and to throw the engine and cars from the track. The appellants moved to quash each count of the indictment, which was sustained as to the first and overruled as to the others. Upon a trial by jury, the appellants were found guilty and each sentenced to the State prison for two years. Their motion for a new trial, made at the proper time, was overruled.

The obstruction alleged to have been placed upon the railroad track by the appellants was an iron wedge. Some of the counts in the indictment charged that the appellants feloniously, wilfully and maliciously placed the obstruction upon the track so as to endanger the passage of trains, and in other counts it was charged that they placed the obstruction upon the track in order to throw the engine and cars running upon the railroad from such track. The objection made to each count in the indictment was that it was not averred, nor shown by a statement of the facts, that the iron wedge was of such character and dimensions as to endanger the passage of trains, or to throw the engine or cars from the track. Such averment or statement of facts was not necessary. The crime consists in placing an obstruction upon a railroad track, with the intent to obstruct the passage of trains or to throw the engine or cars from the track. It is sufficient to make the averments substantially in the language of the statute defining the offence. Section 1960, R. S. 1881. We suppose that if the obstruction was apparently sufficient to endanger the passage of trains, or to throw the engine or cars from the track, the offender ought not to be acquitted merely because, through a lack of judgment, he did not provide sufficient means to accomplish his criminal purpose. The nature of the obstruction would, of course, be proper for consideration in determining the question of intent. Where the alleged obstruction was manifestly inadequate to endanger the passage

of a train, or to throw an engine or a car from the track, it might well be supposed that there was no felonious intent in placing it upon the track. But if the obstruction was apparently sufficient for this purpose, the intent, the existence of which is essential to make out the offence, might be inferred, though, in fact, the obstruction was incapable of doing injury. But these are questions of fact. As to the indictment, it is sufficient to charge in appropriate language that the obstruction was placed upon the track with the intent to endanger the passage of trains, or to throw the engine or cars from the track, without giving a description or the dimensions of the obstruction. Each count of the indictment, held good by the court below, was properly so held.

One of the grounds upon which the appellants based their motion for a new trial was the separation of the jury, without leave of the court, after their retirement to deliberate upon their verdict. It appears by affidavits, filed in support of the motion for a new trial, that as many as three of the jurors, at various times during the night, left the room in which they were deliberating, and went down stairs, out of the court-house into the court-house yard, remaining absent each time ten minutes or more. This occurred without leave of court, without the consent of the appellants, and the jurors in thus separating from their fellows were not attended by any officer. In going out and returning, they passed persons standing in the hall of the court-house. The jurors guilty of this misconduct filed affidavits to the effect that during their absence from the room they did not talk to any, one, nor did any one talk to them, about the case.

It is the duty of the officer who has charge of the jury " to keep them together in some private and convenient place, without food, except such as the court shall order, and not permit any person to speak or communicate with them, nor do so himself unless by order of the court, or to ask them whether they have agreed upon their verdict, and return them into court, when so agreed, or when ordered by the court." Section 1828, R. S. 1881.

Relative to new trials in criminal cases, section 1842, R. S. 1881, provides:

" The court shall grant a new trial to the defendant for the following causes, or any of them:     *     *     *     *     *

"*Second.* When the jury has separated without leave of the court, after retiring to deliberate upon their verdict."

When a juror during the deliberation leaves the jury room temporarily for a necessary purpose, attended by the proper officer, the others suspending their deliberations until his return, it can not be regarded as a separation of the jury, or as misconduct of the juror so leaving. But where jurors leave their fellows at will, without leave of court, and without being attended by an officer, and pass out by, or among, other persons, so that it is possible for them to be tampered with or subjected to improper influences, it must be held to be a separation of the jury within the meaning of the statute. In such case the language of section 1842, *supra,* is imperative that the court *shall* grant a new trial. But we are inclined to the opinion that said section 1842 must be construed with reference to the provisions of section 1891, R. S. 1881, which reads:

" In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects, or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant."

To render an irregularity in the trial of a criminal case harmless in the opinion of the Supreme Court, it must appear satisfactorily that the substantial rights of the defendant were not prejudiced. The question whether there was, in fact, an irregularity is for the decision of the lower court, and in case of conflict of evidence, such decision will be final. But where, as in the present case, the irregularity is shown by the record without question as to its occurrence, it will be presumed by this court, in the absence of an affirmative showing to the

contrary, that it contributed to the conviction, thereby prejudicing the substantial rights of the defendant. The law upon this subject was well stated by FRAZER, J., who delivered the opinion of the court in *Creek* v. *State*, 24 Ind. 151. In that case there had been an unauthorized separation of the jury, but it was shown that the jurors separating themselves from their fellows were subjected to no influences whatever by others, and in no respect attempted to be tampered with. As there were other grounds for the reversal of the judgment, it was not decided whether it should have been reversed on account of the misconduct of the jurors or not. It was said in that case: "The sum of the modern authorities is, that such conduct on the part of jurors is exceedingly reprehensible, and ought to be visited with punishment by the court below; but that where the verdict appears clearly to be right upon the evidence, a new trial will not be granted, but if the correctness of the verdict be doubtful, then such misconduct will result in a new trial. But in all such cases, the misconduct being established, it will impose upon the prosecution the necessity of removing suspicion, by showing, as was done in this case, that the offending jurors were not influenced adversely to the defendant, or in any respect rendered less capable of discharging their duties."

Where, then, there has been misconduct of jurors, as in the present case, this court must hold that there was error in refusing a new trial, unless it clearly appears:

"1. That the offending jurors were not influenced adversely to the defendant, or in any respect rendered less capable of discharging their duties;" and,

2. That "the verdict clearly appears to be right upon the evidence."

A reasonable doubt upon either one of the above questions, where there has been misconduct of the jury, entitles the accused to a new trial.

The burden of removing the suspicion attending the misconduct of the jurors was imposed on the prosecution. This

Riley *et al. v.* The State.

was not done in the case before us. The affidavits of the jurors were not broad enough to show that during their absence they were subjected to no influences whatever by others, and in no respect attempted to be tampered with.

·If there was no question before us except as to the sufficiency of the evidence to sustain the verdict, we could not reverse the judgment. There was evidence tending to sustain the verdict. In this court this would be sufficient to justify the decision of the trial court in overruling the motion for a new trial, if the question of evidence alone had to be determined. But in view of the misconduct of the jurors, we must determine whether the verdict is clearly right upon the evidence. We can not say that it is. While there was evidence tending to prove the appellants' guilt, there was also evidence tending to prove their innocence. The evidence was sharply in conflict. Considered with reference to the misconduct of the jury and the conflict in the evidence, we are unable to say that the verdict was clearly right.

The State must have relied very largely for conviction upon the evidence of a witness who claimed to have acted as a detective. While there is no legal presumption against the weight of this kind of evidence, we may say, generally, without going into details, that in our opinion the trial court restricted too much the cross-examination of the witness referred to.

Other alleged errors are discussed in appellants' brief, but in most of these we think that the rulings of the court below were clearly right, and in others that no substantial error was committed. The consideration of the questions alluded to need not be more particularly mentioned, as they are not likely to arise in another trial.

Judgment reversed, with instruction to the court below to sustain the appellants' motion for a new trial. The proper order will be given for the return of the appellants to the jailer of the county in which the trial occurred.

Filed May 26, 1884.