BRYANT *v*. STATE OF INDIANA.

[No. 30,421. Filed November 17, 1964.]

*Frederick F. McClellan,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General and *Frederick J. Graf,* Deputy Attorney General, for appellee.

LANDIS, J.—The appeal in this case stems from the judgment of appellant's conviction for grand larceny upon an affidavit charging him with the commission of a crime while armed with a deadly weapon. Appellant was sentenced for a term of one to ten years in the Indiana Reformatory.

The sole question of error presented by the motion for new trial is that the trial court erred in overruling

appellant's motion for a mistrial due to separation of the jury while they were deliberating on their verdict. The motion concerned the propriety of the trial judge giving one juror permission to make a five or ten minute telephone call home to arrange for the caring of his livestock.

The record shows that on February 13, 1963, the jury returned its verdict into open court. The trial judge ordered a pre-sentence investigation by the probation officer, and fixed February 21, 1963, as the date for the passing of sentence. On February 21, just prior to the sentencing of the accused, counsel for the accused for the first time questioned the propriety of the separation of the juror by an oral motion for a mistrial. The record in this respect shows:

> "Comes now the State of Indiana by Franklin Bridenhager, Prosecuting Attorney and the defendant herein by Rober [sic] Smith, and Frederick F. McClellan, his attorneys. And now, before the passing of sentence by the Court on the verdict of the jury, the defendant moves for a mistrial on the basis that one of the jurors was separated from the remaining jurors and made a telephone call to person or persons unknown, was out of the jury room approximately five to ten minutes and shortly after which the jury returned their verdict, and that the defense counsel did not have at the time sufficient time to make objections, which motion the Court NOW DENIES, PERMISSION HAVING BEEN given by the Court for the juror to call home to arrange for the caring of his stock. The Court now pronounces sentence on the verdict of the jury."

Appellant cites Burns' §9-1810 (1956 Repl.),[1] providing:

> "After hearing the charge, the jury may either decide in court or retire for deliberation. They may retire under the charge of an officer, who

---

1. Acts 1905, ch. 169, §265, p. 584.

must be sworn by the clerk to keep them together in some private and convenient place, and furnish them food as directed by the court, and *not permit any person to speak or communicate with them, nor do so himself unless by order of the court,* or to ask them whether they have agreed upon their verdict, and return them into court, when so agreed, or when ordered by the court. The officer shall not communicate to any person the state of their deliberations; and if he does he shall be punished as for a contempt, and shall not be further employed as a bailiff in such court." (Our italics.)

Burns' §9-1903 (1956 Repl.),[2] provides:

"The *court shall grant a new trial* to the defendant for the following causes, or any of them:

. . . . .

"Second. When the jury has separated without leave of the court, after retiring to deliberate upon the verdict." (Our italics.)

Appellant has asserted that the permission here given the juror by the trial judge authorizing him to call home for the stated purpose was not in the presence of appellant or the attorneys and that all communications by the court with the jury after the submission of the cause must be in open court, citing: *Hall* v. *State* (1857), 8 Ind. 439, 444; *Fish and Another* v. *Smith* (1859), 12 Ind. 563, and *Danes et al.* v. *Pearson* (1893), 6 Ind. App. 465, 471, 33 N. E. 976, 978. Appellant further argues that the trial judge had no power to allow the juror to separate.

The foregoing statute (Burns' §9-1903, *supra*)[3] providing a new trial shall be granted upon the separation of the jury without leave of court after retiring to deliberate, of course is not applicable to cases where the separation occurred after granting leave. Appellant

2. Acts 1905, ch. 169, §282, p. 584.
3. *Ibid.*

has not argued that the *permission* here granted the juror was different from *leave* being granted to such juror, nor that the purpose for which separation was allowed was improper nor that appellant was harmed by the separation.

The above cases cited by appellant are not in our judgment controlling of the case at bar as the facts are entirely distinguishable.

If the separation by a juror is requested, the court if at all possible should hear the merits of such request in open court in the presence of the parties or their counsel with opportunity to make seasonable objection, if desired. Such practice is fair to the litigants and their attorneys and should be adhered to in order to avoid improper influences reaching the jury and to prevent the commission of error prejudicial to a party litigant. We know, however, that emergencies do arise during the deliberations of a jury when there is not opportunity for the court to delay acting until the parties or their attorneys can be reached and brought into open court. Such a situation occurred in *Smith, Peak* v. *State* (1961), 241 Ind. 311, 325, 170 N. E. 2d 794, 801, where the separation of the woman juror from the remaining jurors grew out of her sudden severe illness at a restaurant where the jury had gone for supper. We there stated that in such an emergency it could not be contended with reason that before the juror could be separated she must, regardless of her physical condition, be taken back to the court room for a hearing in the presence of the parties, and inasmuch as it appeared no harm had been caused to appellants, that they had no cause to complain.

It is difficult for us to perceive that such a situation existed in the case at bar as would call for action by the court before a hearing could be had in open court, but that matter is not argued, nor is it urged by ap-

pellant that he was harmed by the failure to have such a hearing before separation of the juror. In *Posey, Michael* v. *State* (1956), 234 Ind. 696, 131 N. E. 2d 145, 54 A.L.R. 2d 706, we pointed out that it was irregular for jurors to have access to law books during deliberations on a verdict and that we could not be deemed to approve such a practice, although we refused to reverse where there was no indication of harm to appellants.

In the instant case we condemn any irregularities during the deliberations of the jury, but as it appears the jury separation did not concern or involve a matter connected with any issue in the case, but solely dealt with a juror's request to telephone about his personal affairs at home, which was entirely collateral and unrelated to the subject matter of the cause on trial and therefore could not have prejudiced appellant in any way, we do not believe there is error sufficient to reverse the cause. See also: *Barker* v. *State* (1958), 238 Ind. 271, 278, 150 N. E. 2d 680, 683; *Badgley* v. *State; Brown* v. *State* (1949), 226 Ind. 665, 677, 82 N. E. 2d 841, 846.

There appearing no injury to appellant's substantial rights by the separation of the jury, which is the only error here asserted, the judgment is affirmed.

Achor, C. J., and Arterburn and Myers, JJ., concur; Jackson, J., concurs with opinion.

## CONCURRING OPINION

JACKSON, J.—I concur in the result of the majority opinion herein, but wish to point out certain facts which, in my opinion, require limited discussion.

The separation of the juror without a hearing, out of the presence and without consent of the defendant's counsel, is always fraught with peril. The alleged permission granted the juror was such that had a proper

attack thereon been mounted, it is possible a different result might have been obtained. The ostensible request of the juror to be permitted to leave his fellows after the jury had been finally instructed, and after deliberations had commenced, to make arrangements for the care of his livestock, could easily have been made through the bailiff without the necessity for separation of the juror.

Ordinarily prejudice and injury to the defendant would be presumed by the juror being separated from his fellow jurors under the circumstances here delineated. In the instant case, however, appellant makes no allegation of injury by reason of the action herein complained of.

The citation of *Smith, Peak* v. *State* (1961), 241 Ind. 311, 170 N. E. 2d 794, in my opinion, is distinguishable on the facts and therefore is not pertinent to the issues herein raised, consequently it lends no substantial support to the majority opinion.

In view of the failure to allege specifically that the defendant was injured by the separation, and failure of appellant to follow certain procedural requirements, the judgment must be affirmed.

NOTE.—Reported in 202 N. E. 2d 161.