**Terrance WALKER, Johnny Hodge, and Jackie Hicks, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1278S294.

Supreme Court of Indiana.

Sept. 26, 1980.

Ronald V. Aungst, Valparaiso, for appellants Terrance Walker and Jackie Hicks.

Nile Stanton, Indianapolis, for appellant Johnny Hodge.

Theodore L. Sendak, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice. ·

Defendants (Appellants) were convicted in a trial by jury of Murder in the First Degree and were sentenced to life imprisonment. One issue presented by their direct appeal compels us to reverse the judgment.

The trial began on Monday, June 26, 1978. Presentation of evidence was completed, the jury instructed and jury deliberations commenced at approximately 2:30 p. m. on Friday, June 30, 1978. After eight hours of deliberations, the trial judge summoned the Jury foreman, defense counsel and the prosecutor to his chambers. It was determined that the jury had thus far been unable to reach a verdict, whereupon the jury, over objection of defense counsel, was instructed to adjourn until Wednesday morning, July 5th, and then to reconvene to continue deliberations. A brief admonition was given not to read about the case or discuss it among themselves or with others.

When court reconvened on the morning of July 5th, the jury was collectively interrogated: "The court simply wants to know if any of you violated the court's instruction not to discuss the case among yourselves or with anyone over the weekend or if anybody happened to bother any member of the jury. Any of you?" No response was had, and the court regarded such silence as a negative reply.

The defendants moved for a mistrial for several reasons, among them the aforementioned separation of the jurors and the publication of a newspaper article in the interim which reported that the decedent had, prior to his death, stated that one of the defendants had shot him. Testimony of the decedent's statement had been offered and rejected during the trial. The motion was overruled.

Deliberations were resumed, and approximately one hour later, the jury returned with verdicts of *guilty* of first degree murder as to all three defendants.

The action of the trial court in permitting the jury to so separate was in direct contravention of the governing statute, which is as follows:

"After hearing the charge, the jury may either decide in court or retire for deliberation. They may retire under the charge of an officer, who must be sworn by the clerk to keep them together in

some private and convenient place, and furnish them food as directed by the court, and not permit any person to speak or communicate with them, nor do so himself unless by order of the court, or to ask them whether they have agreed upon their verdict, and return them into court, when so agreed, or when ordered by the court. The officer shall not communicate to any person the state of their deliberations; and if he does he shall be punished as for a contempt, and shall not be further employed as a bailiff in such court. [Acts 1905, ch. 169, § 265, p. 584.]" Ind. Code § 35–1–37–4 (Burns 1979 Repl.).

■ We read the statute as requiring the jury to remain together in criminal cases, once their deliberation begins and until a verdict is returned. *Whitaker v. State*, (1960) 240 Ind. 676, 692, 168 N.E.2d 212, 220, (concurring opinion of Arterburn, J.), although limited exceptions have been made under exigent circumstances.

In *Gibson v. State*, (1971) 257 Ind. 23, 29, 271 N.E.2d 706, 709, we held that there was no cause for reversal where one juror after commencement of deliberation, separated herself briefly from the others, because of illness and it was disclosed by the record that harm could not have resulted. In *Jones v. State*, (1899) 152 Ind. 318, 53 N.E. 222, a brief separation of the jurors was unavoidable, but the juror was never out of the sight of the Bailiff, thus it was shown that no harm could have resulted. And in *Bryant v. State*, (1964) 246 Ind. 17, 202 N.E.2d 161, the court permitted a juror to telephone his home to give instructions concerning his live stock. We there wrote disapprovingly of *any irregularities during deliberations* but affirmed because it was shown that the call could not have prejudiced the appellant. A concurring opinion pointed out that a separation of a juror without a hearing, out of the presence and without consent of the defendant's counsel is always fraught with peril.

"Ordinarily prejudice and injury to the defendant would be presumed by the juror being separated from his fellow jurors under the circumstances here delineated.

In the instant case, however, appellant makes no allegation of injury by reason of the action herein complained of." 246 Ind. at 22, 202 N.E.2d at 164.

Sealed verdicts, by express leave of court, have been accepted, where no harm could be shown. *Beyerline v. State*, (1896) 147 Ind. 125, 45 N.E. 772; *Clayton v. State*, (1884) 100 Ind. 201.

Under a statute almost identical to our own the Supreme Court of Missouri has consistently held that it is error *per se* for the jury to separate after deliberations have begun. *State v. Edmondson*, (Mo. 1971) 461 S.W.2d 713, 723–4; *State v. Jones*, (1953) 363 Mo. 998, 1007, 255 S.W.2d 801, 806, and cases cited therein. In accord is *People v. Ritzert*, (1974) 17 Ill.App.3d 791, 795–6, 308 N.E.2d 636, 639, decided under a similar statute and *Kimoktoak v. State*, (Alaska 1978) 578 P.2d 594, decided under a rule of Court. Although the courts of most states having no such statute have held the matter to be subject to the discretion of the trial judge, separation is *per se* error by virtue of case law alone in Massachusetts. *Commonwealth v. Della Porta*, (1949) 324 Mass. 193, 85 N.E.2d 248.

There is no suggestion that the inordinately lengthy separation of the jurors was occasioned for any reason other than convenience.

■ The State urges that, assuming error in permitting the separation, it is, nevertheless, incumbent upon the defendants to demonstrate how they were, thereby harmed. The law is clearly against this position. Even in the cases hereinbefore cited where we affirmed, notwithstanding separations occasioned by exigent circumstances, we have stated that it appeared from the records that the appellants could not have been harmed. Clearly the burden in this respect is upon the State.

In *Riley v. State*, (1884) 95 Ind. 446, the jury had separated without permission of the court. In that case, it was urged that the error was harmless because the affidavits of the errant jurors revealed that they did not talk to anybody about the case.

Quoting from a similar case, *Creek v. State,* (1865) 24 Ind. 151, the court there said at p. 450:

" * * * 'The sum of the modern authorities is, that such conduct on the part of jurors is exceedingly reprehensible, and ought to be visited with punishment by the court below; but that where the verdict appears clearly to be right upon the evidence, a new trial will not be granted, but if the correctness of the verdict be doubtful, then such misconduct will result in a new trial. But in all such cases, the misconduct being established, it will impose upon the prosecution the necessity of removing suspicion, by showing, as was done in this case, that the offending jurors were not influenced adversely to the defendant, or in any respect rendered less capable of discharging their duties.' " 95 Ind. at 450.

We then continued:

"Where, then, there has been misconduct of jurors, as in the present case, this court must hold that there was error in refusing a new trial, unless it clearly appears:

" '1. That the offending jurors were not influenced adversely to the defendant, or in any respect rendered less capable of discharging their duties;' and,

"2. That 'the verdict clearly appears to be right upon the evidence.'

"A reasonable doubt upon either one of the above questions, where there has been misconduct of the jury, entitles the accused to a new trial.

"The burden of removing the suspicion attending the misconduct of the jurors was imposed on the prosecution." 95 Ind. at 450.

■ We see no reason for imposing a different standard where, as here, the separation was erroneously permitted.

In this case, neither of the aforementioned requirements can be met. The perfunctory inquiry of the jury, upon reconvening, was grossly inadequate and could never support a conclusion that no juror had been influenced adversely to the defendants or rendered less capable of dis-

charging his duties. It is doubtful that such assurance could ever be made, by any manner or means, to compensate for so long a separation.

With regard to the second requirement, although the evidence was ample to withstand a challenge to its sufficiency, it cannot be said that "the verdict clearly appears to be right upon the evidence." The State's case was wholly dependent upon the testimony of an accomplice who testified in exchange for prosecutorial immunity in the matter and a reduction from a capital murder charge to voluntary manslaughter in an unrelated murder incident.

Because the case must be reversed for the error in permitting the jury to separate, it is unnecessary for us to determine whether or not other trial errors warrant reversal. However, we believe it appropriate to point out such errors in order that they will not be repeated upon a re–trial of the cause.

■ It was error for the court to separate the jury foreman from the other jurors and to converse with him in chambers, in the absence of the defendants, notwithstanding that their attorneys were present and that the purpose was to determine the course of action to take with reference to further deliberations.

■ At the time the jury was brought into the court room for admonition immediately prior to being released for the four–day recess, the defendants were brought into court in handcuffs and leg irons. Apparently this was a matter of mere convenience as they had not previously been shackled in the court room. If so, this was error.

"The rule that a prisoner brought into court for a trial is entitled to appear free from all bonds or shackles is an important component of a fair and impartial trial. And shackles should never be permitted except to prevent the escape of the accused, to protect everyone in the courtroom, and to maintain order during the trial. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)."

*Woodards v. Cardwell*, (6th Cir. 1970) 430 F.2d 978, 982, *cert. denied* (1971) 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809.

The record indicates the reason for this incident was mere convenience due to the late hour of the day. We do not think this is a sufficient ground for departing from the above guidelines. *See generally, Jessup v. State*, (1971) 256 Ind. 409, 269 N.E.2d 374.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.