**Michael BALES & Melvin Hollen, Appellants,**

v.

**STATE of Indiana, Appellee.**

**No. 678S100.**

Supreme Court of Indiana.

March 26, 1981.

Timothy J. Burns, Lawrence O. Sells, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Michael Bales, Melvin W. Hollen and Ray D. Crawford were charged by information in Marion Criminal Court with first degree murder, Ind.Code § 35–14–4–1 (Burns 1975). Bales and Hollen were tried to a jury in January and February of 1978. The charge against Crawford was dismissed in exchange for his agreement to testify against Bales and Hollen. The jury found Hollen guilty of involuntary manslaughter, and the trial court subsequently sentenced him to an indeterminate term of one to ten years. The jury found Bales guilty of second degree murder, and the trial court sentenced him to an indeterminate term of fifteen to twenty-five years. Bales' and Hollen's subsequent appeals have been consolidated by this Court.

Appellant Bales presents two issues which, independently, require a reversal of the convictions of both Bales and Hollen. Therefore, we shall dispose of those issues and three additional questions which may arise on a subsequent retrial. Thus, the issues we shall consider on this appeal concern: (1) whether the trial court erred in giving final instruction number nineteen; (2) whether the trial court erred in giving final instrution number twenty-two; (3) whether the trial court erroneously refused the defendants' tendered final instruction number three; (4) whether the trial court improperly permitted the jury to separate after the case had been given to the jury for deliberation; and (5) whether the trial court improperly communicated with the jury outside the presence of the defendants or their counsel.

I.

Bales and Hollen, through their respective attorneys, objected at trial to the giving[1] of final instruction number nineteen. This instruction concerns accessory liability, and reads as follows:

"You are instructed that a statute of our State in full force and effect reads as follows:

'Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal. . . .'

This statute covers all felonies in Indiana and therefore a defendant can be held responsible if he either perpetrated the crime or aided, abetted or encouraged its commission. A defendant is responsible for the acts of his confederates as well as his own.

---

1. As a point of clarification, we note that none of the final instructions were actually read to the jury by the trial court. While all parties allegedly waived such a reading, we have held that a failure or refusal to read the instructions to the jury is clearly improper and, in itself, · constitutes reversible error, even where the defendant does not object to this procedure at

trial. *Foresta v. State*, (1980) Ind., 413 N.E.2d 889, 890; *Drake v. State*, (1979) Ind., 393 N.E.2d 148, 149; *Williams v. State*, (1978) 269 Ind. 430, 431, 381 N.E.2d 458; *Purdy v. State*, (1977) 267 Ind. 282, 289, 369 N.E.2d 633, 636. *See Cameron v. State*, (1979) Ind., 383 N.E.2d 1039, 1040, *appeal after remand*, (1980) Ind., 412 N.E.2d 1194.

The court instructs you, however, that the defendant can be held responsible on the above theory only for acts before or during the commission of the offense charged."

Record at 322.

This instruction correctly states the law. *See* Ind.Code § 35-1-29-1 (Burns 1975); *Norton v. State*, (1980) Ind., 408 N.E.2d 514, 520–21. Bales and Hollen objected on the ground that the evidence did not support this instruction. Without commenting in any way on the weight or sufficiency of the evidence, we note that there was adequate evidence on the question of whether Bales and/or Hollen aided each other in the commission of the alleged acts, or counselled, encouraged, hired, commanded or otherwise procured the other's commission of the alleged acts, to justify the giving of an instruction on accessory liability.

## II.

■ Appellant Bales contends the trial court erred in giving final instruction number twenty-two. This instruction provided:

"An individual who inflicts injury upon another may be found guilty of homicide if the injury contributes to the death of that other person."

Record at 325. Bales argues the instruction should have stated:

"An individual who inflicts injury upon another is deemed by law to be guilty of homicide if the injury contributes mediately or immediately to the death of that other person."

Bales asserts, therefore, that the instruction given by the court misstates the law. This assertion is incorrect. *Bivins v. State*, (1970) 254 Ind. 184, 188, 258 N.E.2d 644, 646. *See Hicks v. State*, (1937) 213 Ind. 277, 297, 11 N.E.2d 171, 179. Contrary to Bales' contention, the deletion of the words "mediately or immediately" from this principle does not change the meaning of the instruction or render it an inaccurate statement of law. *Bivins v. State, supra; Hicks v. State, supra.*

## III.

■ Bales and Hollen next argue the trial court erred in refusing tendered instruction number three regarding circumstantial evidence. This instruction provided:

"The Court further instructs you that the existence of any material fact, or state of facts, may be established by circumstantial evidence as well as by direct evidence.

It is the law of the State of Indiana that circumstantial evidence, to be sufficient to warrant a conviction in a criminal case, must be of a conclusive character.

The true test by which to determine the value of circumstantial evidence in respect to its sufficiency to warrant a conviction of a defendant in any case involving the alleged commission of a crime, is not whether the proof, if any, establishes circumstances which are consistent or which coincide, with the theory or hypothesis of the defendant's guilt, but whether the circumstances satisfactorily established are of so conclusive a character, and point so surely and unerringly to the guilt of the defendant, as to exclude every reasonable hypothesis of his innocence."

However, where, as in the case now before us, there is both direct and circumstantial evidence of guilt, the trial court is not required to instruct the jury on circumstantial evidence. *Faught v. State*, (1979) Ind., 390 N.E.2d 1011, 1017; *Sammons v. State*, (1979) Ind.App., 397 N.E.2d 289, 293. The trial court did not err in refusing tendered instruction number three.

## IV.

■ Finally, two issues are presented which require this Court's reversal of the convictions of both defendants. In fact, either of these errors standing alone would require us to overturn the convictions here. First, it appears from the record that the trial court permitted the jury during its deliberations to hear the recorded testimony of two witnesses; the record further reveals that neither the defendants nor their

attorneys were present when this occurred, nor were they made aware of this procedure before it occurred. Such a procedure plainly violated the accused's constitutional right to be present at every stage of the proceedings which requires the presence of the jury. U.S.Const. Amend. VI; Ind. Const. Art. 1, § 13; *Cape v. State*, (1980) Ind., 400 N.E.2d 161, 163. See Ind.Code § 34–1–21–6 (Burns 1973); *Childers v. State*, (1980) Ind.App., 408 N.E.2d 1284. This error requires a reversal of the convictions. *Cape v. State, supra.*

### V.

 Second, the record reveals that the trial court permitted the jurors to separate overnight for approximately ten and one-half hours, after the case had been given to them for deliberation. In *Walker v. State*, (1980) Ind., 410 N.E.2d 1190, Ind., 410 N.E.2d 1190, the trial court permitted the jurors to separate for four days after they had begun their deliberations. We held that such action directly contravened Ind. Code § 35–1–37–4 (Burns 1979 Repl.). In the *Walker* case, as in the case now before us, there was no suggestion that the separation of the jurors "was occasioned for any reason other than convenience." *Id.* 410 N.E.2d at 1192. *Cf. Gibson v. State*, (1971) 257 Ind. 23, 29, 271 N.E.2d 706, 709; *Jones v. State*, (1899) 152 Ind. 318, 321, 53 N.E. 222, 223. Following *Riley v. State*, (1884) 95 Ind. 446, we held in *Walker v. State* that the burden is on the prosecution to remove the suspicion attending the jury's misconduct. The State must show beyond a reasonable doubt that, among other things, the separation of the jurors during deliberations did not influence them adversely to the defendant or render them less capable of discharging their duty. *See Walker v. State, supra.* This showing simply has not been made in the case before us; hence, Bales and Hollen are entitled to a new trial for this reason as well. We reiterate the clear thrust of *Walker v. State*: barring exigent circumstances, *e. g., Gibson v. State, supra*, the trial court should not permit the jury to separate once their deliberations have begun.

The convictions of Bales and Hollen are reversed, and this cause is remanded with instructions to grant them a new trial.

All Justices concur.