Deanna McGAUGHEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1-580A117.

Court of Appeals of Indiana,
First District.

April 15, 1981.

James R. Earnshaw, Crawfordsville, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

We find it necessary to reverse and remand this cause for a new trial. The two issues which require reversal concern double jeopardy and the separation of the jury.

■ McGaughey argues her Fifth Amendment protection against double jeopardy has been violated because she was found guilty of two offenses: battery with a deadly weapon and battery resulting in serious bodily injury. *Ind.Code* 35–42–2–1(3) was the basis for the two counts of battery. This section provides:

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:

*     *     *     *     *     *

(3) A class C felony if it results in serious bodily injury to any other person or if it is by means of a deadly weapon.

We are of the opinion that the statute defines but one offense, with subsection 3 stating two alternative factual situations which, if proven, raise the level of the offense from a class B misdemeanor to a class C felony.

The elements of the basic offense are: (1) knowingly or intentionally (2) touching another person (3) in a rude, insolent or angry manner.

More severe punishment is provided when there are additional elements present . . . .

The class C felony, has the three basic elements plus either 'serious bodily, injury' or commission by means of a 'deadly weapon'.

"Commentary," West's A.I.C. 35–42–2–1, at 300.

Here, there was one beating, at one place, at one time inflicted upon one victim, there, but one crime was committed.

■ McGaughey also contends that the trial court committed a fundamental error when it allowed the jury to separate after beginning deliberations. The jury began deliberating in the afternoon of November 15, 1979. At 2:45 A.M. on November 16, the jury informed the bailiff that they were not near a verdict. The trial court read them an instruction and then sent them home to get some sleep, telling them to return the next morning at 11:30 A.M. The jury began deliberating again at this time. The trial court reread its instructions to the jury at 12:45 P.M. The jury continued deliberating until the verdict was returned at 7:50 P.M. McGaughey is correct in arguing that IC 35–1–37–4 requires the jury to be kept together. McGaughey cites *Walker v. State*, (1980) Ind., 410 N.E.2d 1190, as authority requiring reversal of this action.

McGaughey did not object to the separation of the jury and raises this issue as a fundamental error. The recent opinions of *Walker v. State, supra*, and *Bales v. State*, (1981) Ind., 418 N.E.2d 215, persuade us that McGaughey is correct in her assertion. The supreme court stated in *Walker v. State, supra* :

Where, then, there has been misconduct of jurors, as in the present case, this court must hold that there was error in refusing a new trial, unless it clearly appears:

1. That the offending jurors were not influenced adversely to the defendant, or in any respect rendered less capable of discharging their duties; and,

2. That the verdict clearly appears to be right upon the evidence.

A reasonable doubt upon either one of the above questions, where there has been misconduct of the jury, entitles the accused to a new trial.

The burden of removing the suspicion attending the misconduct of the jurors was imposed on the prosecution.

(Citations omitted.)

Although the factual background of *Walker* is distinguishable from the present situation, *Bales v. State, supra*, is similar and dispositive of this issue.

In *Bales*, the jury separated overnight for approximately ten and one half hours. As in the present situation, there is no suggestion that the separation was for any reason other than the jury's convenience. The supreme court held that the State must show

beyond a reasonable doubt that the separation of the jurors during deliberations did not influence them adversely or lessen their capability as jurors and that absent such a showing by the prosecution, the accused was entitled to a new trial. There has not been a showing by the prosecution in this case and therefore, McGaughey is entitled to a new trial. Due to the dispositive nature of this finding, we do not find it necessary to rule on the other issues raised on appeal.

The judgment is reversed and remanded for a new trial.

NEAL, P. J. and RATLIFF, J., concur.