## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan D. Harwell
Harwell Legal Counsel LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald Richardson, *Appellant-Defendant,* | June 30, 2016 |
| v. | Court of Appeals Case No. 49A04-1510-CR-1633 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Sheila A. Carlisle, Judge |
| | Trial Court Cause No. 49G03-1405-FA-26793 |

**Najam, Judge.**

# Statement of the Case

Donald Richardson appeals his convictions for two counts of sexual misconduct with a minor, as Class A felonies; sexual misconduct with a minor, as a Class B felony; and criminal confinement, as a Class B felony; following a jury trial. Richardson presents the following issues for our review:

1.     Whether the trial court abused its discretion when it denied his motion to correct error based upon alleged newly discovered evidence.

2.     Whether the trial court abused its discretion when it sentenced him.

3.     Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

During the evening of April 16, 2013, A.H., who was fifteen years old and eight months pregnant, was walking alone on a street in Indianapolis when a man later identified as Richardson ran up from behind her wielding a knife. A.H. attempted to run from Richardson, but she fell down. Richardson caught up to A.H. and grabbed her. A.H. started crying and asked Richardson not to hurt her because she was pregnant. Richardson told her to "shut up" and he forced her behind some bushes. Tr. at 208.

[3] Richardson, still wielding the knife, told A.H. to pull down her pants, which she did. Richardson then told A.H. to lie down, which she did, and he proceeded to "put his tongue on [her] vagina." *Id.* at 209. Then he pulled down his pants and told A.H. to "suck his penis," and she unwillingly complied. *Id.* at 209-10. At some point, Richardson rubbed his penis with his own hand and achieved an erection. Richardson then told A.H. to "get up and bend over." *Id.* at 211. Richardson "put his penis in [her] vagina." *Id.* After a time, Richardson "got up and pulled up his pants, and he told [A.H.] to let [him] see [her] phone." *Id.* at 212. She gave him her phone, and he "threw it." *Id.* Richardson then ran from the scene.

[4] A.H. got up, pulled up her pants, and found her phone. A.H. then walked to her mother-in-law's house, and she explained to her mother-in-law, R.G., what had happened. R.G. telephoned A.H.'s mother, and an ambulance transported A.H. to a nearby hospital. At the hospital, a sexual assault nurse administered a rape kit, which involved swabbing A.H.'s vagina and anus. And the nurse observed an abrasion to A.H.'s right inner thigh and redness on her left knee.

[5] A.H. talked to Indianapolis Metropolitan Police Department Detective David Everman and described where the rape had occurred. In the course of the ensuing investigation, A.H. worked with a sketch artist to create a composite sketch of Richardson. After unsuccessful leads based on the sketch, detectives "were able to develop [Richardson] as a suspect" in A.H.'s rape. *Id.* at 486. A.H. was unable to recognize him from photo arrays, but, after Richardson's arrest, Richardson confessed to the rape. And forensic testing revealed the

presence of Richardson's DNA in samples taken from A.H.'s vaginal/cervical swabs, external genital swabs, and A.H.'s underwear.[1]

[6] The State charged Richardson with six counts of sexual misconduct with a minor, as Class A felonies; two counts of sexual misconduct with a minor, as Class B felonies; criminal confinement, as a Class B felony; intimidation, as a Class C felony; and criminal mischief, as a Class B misdemeanor. A jury found Richardson guilty of four counts of sexual misconduct with a minor, as Class A felonies; two counts of sexual misconduct with a minor, as Class B felonies; and criminal confinement, as a Class B felony.[2] But the trial court entered judgment of conviction as follows: two counts of sexual misconduct with a minor, as Class A felonies; sexual misconduct with a minor, as a Class B felony; and criminal confinement, as a Class B felony. And the trial court sentenced Richardson to an aggregate executed term of sixty years.

[7] Following trial, on August 27, 2015, Richardson filed a motion to correct error alleging that he "was denied a fair trial and was denied his Constitutional Right to effectively confront and cross-examine the witness because it was not discovered until after sentencing that John Wells wrote a letter of confession to

---

[1] It is unclear from the parties' briefs and the record whether Richardson confessed to the crimes before the DNA testing, and it is also unclear how Richardson became a suspect.

[2] The State dismissed the intimidation charge.

this Court in the letter file marked July 6, 2015." Appellant's App. at 85. In particular, in his motion, Richardson describes Wells' letter as follows:

> The Confession explains how John Wells stole a used condom from the home of the Defendant on the date of the crime and used it in the assault on the victim resulting in the condom breaking and depositing semen on the victim. The Confession admits that John Wells is not circumcised.[3]

*Id.* at 86. The trial court denied that motion, finding and concluding in relevant part as follows:

> 5. From the Defendant's motion and trial counsel's affidavit, it appears that no efforts have been made to verify the authenticity of the letter or any of the information provided within. Nor does it appear that any effort has been made to interview, depose and/or obtain an affidavit from John Wells. As Mr. Wells is the sole basis for the Defendant's Motion to Correct Error, a supporting affidavit from him is required to comply with Trial Rule 59(H). The affidavit of trial counsel does not satisfy the supporting affidavit requirement. *See Joy v. State*, 460 N.E.2d 551 (Ind. Ct. App. 1984). Further, an affidavit based upon hearsay is insufficient to support a Motion to Correct Error. *See Lemont v. State*, 168 Ind. App. 496 (Ind. Ct. App. 1974); *Jewell v. State*, 624 N.E.2d 38 (Ind. Ct. App. 1993).

> 6. WHEREFORE, inasmuch as the Defendant's Motion to Correct Error does not comply with Indiana Trial Rule 59(H), the Defendant has failed to satisfy the 9-part test which is a prerequisite to obtaining a new trial in this case. There has been no showing that any information outside the record is worthy

---

[3] A.H. described her assailant's penis as uncircumcised.

of credit, would be available upon retrial[,] or that it would likely produce a different result. Therefore, the Motion to Correct Error based upon newly discovered evidence is hereby DENIED.

*Id.* at 92. This appeal ensued.

# Discussion and Decision

### *Issue One: Motion to Correct Error*

[8] Richardson first contends that the trial court abused its discretion when it denied his motion to correct error alleging that newly discovered evidence warranted a new trial. In order to obtain relief because of newly discovered evidence, the defendant must show that (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced on a retrial of the case; and (9) it will probably produce a different result. *Webster v. State*, 699 N.E.2d 266, 269 (Ind. 1998). The movant has the burden of showing that the newly discovered evidence meets all nine prerequisites for a new trial. *Id.* We will reverse the denial of a motion to correct error based on newly discovered evidence only for an abuse of discretion. *Id.* Although determining the credibility of witnesses is normally the function of the jury, when ruling on a motion for new trial based on newly discovered evidence the trial court must assess the credibility of any proffered new evidence. *Id.*

[9] Richardson maintains that the alleged newly discovered evidence "meets all nine (9) requirements" to warrant a new trial. Appellant's Br. at 12. But Richardson's contentions amount to a request that we reassess the evidence, which we will not do. The trial court concluded that the alleged newly discovered evidence failed to satisfy the final three prongs set out in *Webster*, namely, (7) the evidence is worthy of credit; (8) it can be produced on a retrial of the case; and (9) it will probably produce a different result. 699 N.E.2d at 269. Regarding the "worthy of credit" prong, Richardson avers only that "[t]he evidence is worthy of credit as it has sufficient indicia of reliability that John Wells risked facing a more serious sentence and charges by admitting to this offense." Appellant's Br. at 12. Richardson does not address the trial court's conclusion that Richardson had not made any showing that the letter allegedly written by a man named John Wells was authentic, and he does not contest the court's conclusion that his attorney's affidavit was insufficient to satisfy the supporting affidavit requirement of Trial Rule 59(H). And Richardson alleges, without any reference to evidence in the record, that "[t]he letter and the actual assailant, John Wells, can be produced upon retrial." Appellant's Br. at 12. And with regard to the final prong, Richardson states, without more, that "there can be no doubt on the enormous probable impact the confession would have upon retrial[.]" *Id.* Richardson has not demonstrated that the trial court abused its discretion when it denied his motion to correct error.

### Issue Two: Abuse of Discretion in Sentencing

[10]     Richardson next contends that the trial court abused its discretion when it sentenced him. As our supreme court has made clear:

> sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. . . . An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.
>
> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007) (internal quotation marks and citations omitted), *clarified on reh'g*, 875 N.E.2d 218.

[11]     Richardson maintains that the trial court abused its discretion when it considered A.H.'s young age as an aggravating factor. Richardson is correct that, in general, when the victim's age comprises a material element of a crime, it may not also support an enhanced sentence. *Reynolds v. State*, 575 N.E.2d 28,

32 (Ind. Ct. App. 1991). However, a trial court may properly consider the particularized circumstances of the factual elements, including a victim's age, as aggravating circumstances. *See Stewart v. State*, 531 N.E.2d 1146, 1150 (Ind. 1988). Here, at sentencing, the trial court stated in relevant part as follows:

> The crime that you've been convicted of, sir, are the type of offenses that are a woman's worst nightmare. That she would be on a street alone at night and have someone run up behind her with a knife and put it to her throat, drag her behind a building, make her take her clothes off so that he could force sexual intercourse on her and other sex acts on her body is troubling enough. But you did this to a 15-year-old girl who was pregnant at the time.
>
> And the evidence, first of all, indicates that she was at least eight months pregnant at the time and that you were told she was pregnant. But nonetheless, even if you weren't, there would be no way you wouldn't have been able to figure that out when you attacked her.
>
> The Court also does recognize that being pregnant and being 15 years old and going through that situation is traumatic enough. Being pregnant and—at that age is traumatic enough. But to have to experience this while you're so close to delivering a child adds another whole level of trauma that apparently is hard for her to recover from.

Tr. at 660-61. We hold that the trial court did not improperly consider A.H.'s age as an aggravator but, rather, appropriately considered her age as part of the particularized circumstances of the crimes as an aggravator. If anything, the trial court stressed A.H.'s advanced pregnancy as a particularly egregious factor

supporting an enhanced sentence more than her youth. The trial court did not abuse its discretion when it sentenced Richardson.

### Issue Three: Appellate Rule 7(B)

[12] Finally, Richardson contends that his sentence is inappropriate in light of the nature of the offenses and his character. However, Richardson has not presented cogent argument under Appellate Rule 7(B). In particular, rather than addressing the nature of the offenses and his character, Richardson merely argues that the trial court failed to give enough mitigating weight to certain proffered mitigators.[4] Richardson has waived review of his sentence under Appellate Rule 7(B).

[13] Affirmed.

Robb, J., and Crone, J., concur.

---

[4] We note that it is well settled that the trial court "no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, . . . [and] a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer*, 868 N.E.2d at 491. Thus, even if Richardson had made this argument in the context of an alleged abuse of discretion, we would not address it.