**Billie B. QUILLEN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 878S156.

Supreme Court of Indiana.

July 19, 1979.

John R. Cromer, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, in a second trial of armed robbery, Ind.Code § 35–12–1–1 (Burns 1975), following a jury trial, a former trial having resulted in a mis-trial because the jury had been unable to agree upon a verdict.

He was sentenced to thirteen (13) years imprisonment.

By this direct appeal, Defendant has urged three issues, two of which are essentially the same and challenge the sufficiency of the evidence. One of such issues challenges the propriety of allowing an amendment to be made to the charging affidavit, after the close of the State's case,

and it is his position that without such amendment, the evidence would be insufficient. His authorities here cited in support of his position upon the issue of the amendment are cited out of context, however, and do not support his position. There is a simpler approach to the issue of the sufficiency of the evidence, however, and our resolution of that issue, hereinafter stated, against the defendant's position, renders the amendment issue moot.

\* \* \* \* \* \*

ISSUE

May a conviction stand upon evidence that the offense was committed upon the date fixed by alibi notice, which date is not otherwise of the essence of the crime, and is at a variance from the date alleged in the information?

\* \* \* \* \* \*

The information alleged that the crime charged occurred on December 4, 1976. However, through pre-trial alibi procedures, it had been established that the correct date was December 5th. The date of December 5th was provided by the State in response to the alibi notice, however, the information was never properly amended.

At the first trial, when the aforesaid error was discovered, the State moved to amend the date, and the motion was granted. The document, however, was not altered to conform to such action.

At the second trial with which we are here concerned, the information, i. e. the document, continued to reflect the incorrect date and was read to the jury as part of the preliminary instructions. Nevertheless, all of the State's evidence disclosed that the crime occurred on December 5th and all of the alibi evidence related to the defendant's whereabouts on December 5th.

Defendant acknowledges the following general rule stated in *Stallings v. State,* (1953) 232 Ind. 646, 114 N.E.2d 771:

"\* \* \* The law is well settled in Indiana that where time is not of the essence of the offense, the State is not confined to proving the commission on the date alleged in the affidavit or indict-

ment, but may prove the commission at any time within the statutory period of limitations."

It is his position, however, that the alibi statute having been invoked, time became of the essence, citing *Aikens v. State,* (1972) 154 Ind.App. 36, 289 N.E.2d 152, and that he, therefore, could not be convicted of a crime alleged to have been committed upon the 4th upon evidence of a crime committed upon the 5th.

In furtherance of his position, Defendant contends that the amendment to the information that had occurred by motion during his first trial was inoperative at the second trial, citing authorities for the proposition that a mis-trial vitiates all proceedings as if there had been no trial.

Assuming, arguendo, that at his second trial, the defendant stood charged with having committed the crime on December 4th, he is, nevertheless, in error in his position that he could not be convicted upon evidence that he committed a crime on December 5th. Again, his authority, *Aikens v. State, supra,* is cited out of context and, in fact, is supportive of our decision herein.

■ It is correct that time, otherwise not of the essence of a crime, becomes of the essence after the invocation of the alibi statute. However, the date that becomes essential, is the date fixed by the State in complying with the notice. It is critical, because the defendant desires to predicate his defense thereon. Indeed, in view of the State having fixed the date of December 5th in response to the alibi notice, it would not have been permitted to offer evidence of a crime committed on December 4th.

■ In *Aikens v. State, supra,* the affidavit charged a robbery on October 31, 1970. The trial was set for September 20, 1971. Pursuant to an alibi notice, the State fixed October 31, 1971 (a date six weeks in the future) as the date of the occurrence. Our Court of Appeals held that although time becomes of the essence when the alibi statute has been invoked, it is also well settled that a variance, in order to be fatal, must be of such substantial nature as to mislead the accused in preparing and maintaining his defense or be of such a degree as is likely to place him in second jeopardy for the same offense, citing *Madison v. State,* (1955) 234 Ind. 517, 542, 130 N.E.2d 35, 46 and *Napier v. State,* (1971) 255 Ind. 638, 266 N.E.2d 199. We can say it no better. After the compliance with the alibi notice, the critical date was fixed as December 5th. The defendant was aware of this and prepared and presented his defense upon that basis. He could not have been harmed by the variance.

"In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant." Ind.Code 35–1–47–9 (Burns 1975).

"No judgment shall be stayed or reversed, in whole or in part, by the court on appeal for any defect in form, variance or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended in the court below, but such defects shall be deemed to be amended in the court on appeal; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." Appellate Rule 15(E).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.