Odie WEBSTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 980S371.

Supreme Court of Indiana.

Oct. 20, 1981.

John L. Kelly, Jr., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Odie Webster, was convicted following a trial by jury on two counts of murder and was given two forty-five year sentences to be served consecutively. In this appeal he claims entitlement to relief upon three bases:

1. the trial court erred in overruling his motion in limine and objection to evidence of the prosecution of any date other than the date alleged in the indictment;

2. the trial court erred in admitting photographs of the bodies of the alleged victims; and

3. the evidence was not sufficient.

### A.

Appellant Webster, together with three others, was indicted for killing Betty De-Bowles and Robin Thomas. Both counts alleged that the murders took place on December 18, 1977. Appellant filed a notice of alibi that he was at work at his plant from 11:00 p. m., Saturday, December 17, 1977, until 7:00 a. m. Sunday, December 18, 1977. The State filed an answer to the notice of alibi that it would present evidence that the offense occurred between 5:00 p. m. Friday, December 16, 1977, and 10:00 a. m., December 17, 1977. Appellant filed no second notice of alibi in response as he was entitled to do. Ind.Code § 35–5–1–3. He, having no alibi for the time frame in the State's answer, then filed a motion in limine seeking to restrict the proof by the State to show that the offense occurred on December 18, 1977, the date in the indictment, for the purpose of giving vitality to his alibi for that time frame. The motion was overruled and the State at trial restricted its proof to the time frame within its answer to the notice of alibi, the defense presented its alibi evidence for the eighteenth and appellant was permitted to present his own testimony in support of an alibi for the time shown by the State's proof.

 Appellant contends that the ruling of the court upon his motion in limine operated as an approval of an amendment in substance to the indictment, and that such an amendment was unlawful following the filing of his notice of alibi. When the ruling is viewed in this manner, it was not error. Indiana Code § 35–5–1–2, governs here wherein it provides:

"if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense *a date other than the date stated in the defendant's notice,* the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight days before the trial. If the prosecuting attorney's statement to the defendant names a *specific date other than the date which is stated in the indictment* or information and in the defendant's notice, the defendant shall not later than four days after the filing of the prosecuting attorney's statement file and serve upon the prosecuting defendant's second notice presenting for *such changed date* the same details required for the original notice." (Emphasis added.)

Here the State's answer was filed months before trial. It named a specific date other than the date stated in the indictment. A changed date is permissible when the alibi statute is invoked by the accused. *Evans v. State*, (1946) 224 Ind. 428, 68 N.E.2d 546.

The effect of the State's answer to the notice of alibi is ordinarily to restrict it, not to proof of the date in the indictment, but to proof of the date in the answer. *Quillen v. State*, (1979) Ind., 391 N.E.2d 817. However, when as here the answer gives an entirely different date from that in the charging document, and the defendant does not respond "with a second notice ... for such changed date" as provided in the statute, then the question arises as to whether such restriction upon the State's proof continues. And we believe that it must continue, for to relieve the State of it entirely as though the statute had never been invoked would be to subject the defendant to generalized testimony at trial regarding the time of the offense which could "bleed" over into the time frame for which he has an announced alibi, and at the same time deny him the right to place evidence of his alibi for that time frame before the trier of fact.

▮▮▮ Appellant also argues that the State transgressed the restriction imposed upon it by its answer and the alibi statute. In support of this claim appellant points to testimony of the State's primary witness against him, a codefendant, who after specifically testifying that the killings occurred within the time frame given in the State's answer, equivocated under cross-examination and stated that he could not remember which night it was. To the extent that this testimony could be deemed affirmative evidence that the offenses occurred other than within the State's time frame, it was not produced by the State, but by defense counsel who drew it out in furtherance of a strategy to give viability to his alibi evidence. Thus, it was not the State, but the defense, that brought out evidence at variance with the State's time frame. Thus, there was no violation by the State of the restriction. The restriction operates in limitation of the State and not the defendant.

Neither do we regard this same testimony as indicative of an insufficiency of evidence on the time element, as appellant also argues. The witness testified expressly that the killings occurred on the evening of December 16, 1977, within the time frame in the State's answer to the notice of alibi. He was then asked what day of the week that was, and responded, Friday. It was on cross-examination that he revealed at first some uncertainty about the correct date and then admitted that he could not remember which night it was. We think, however, that the jury heard the witness testify, perceived the intensity of cross-examination, observed the demeanor of both witness and counsel, and may well have been impressed with the witness' ability to recollect the date of the offense, when, following a string of questions on other topics, the witness, without at that point having the answer suggested, was asked about the day of the occurrence, and replied, Friday. In spite of this equivocation, we find the evidence of sufficient probative value to have permitted the jury to infer beyond a reasonable doubt that the crime occurred with the time frame to which the State was restricted. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

### B.

▮▮▮ The contention is made that the trial court erred in admitting photographs of the bodies of the victims. Such exhibits are admissible if relevant and their relevance is not outweighed by their tendency to inflame and impassion the jury against the defense.

"Considerable latitude is permitted to the trial judge in determining the admissibility of such evidence when a fair conflict appears between the State's right to present relevant evidence and the defendant's right to be protected from prejudice likely to be engendered from morbid and shocking displays. The question is, of necessity, one of balance, and the trial judges will be on guard against the natural propensities of the State sometimes to appeal to passions in its attempts to ob-

tain convictions." *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482.

Exhibits 16 and 22 are different views of the head of the victim Betty DeBowles who died as the result of a gunshot wound to the head. No alteration of the head through autopsy is shown. These exhibits are relevant to show the wounds to the head and the cause of death. Appellant contends that the cause of death was adequately proven through testimony of the State's witnesses. The exhibits were nevertheless relevant. *Whitfield v. State,* (1977) 266 Ind. 629, 366 N.E.2d 173. There is evidence of two streams of blood on the face, however, the eyes are closed and the face appears otherwise in repose. These two photographs were properly admitted.

■ Exhibit No. 25 is a photograph of the body of the victim Robin Thomas. The body was first discovered in a drainage ditch four months after death. Exhibit No. 25 depicts this body after it was removed from the drainage ditch and placed on the grass. The body is intact and positioned in a "U" shape, with the legs and arms stretched toward the camera. The legs and arms and upper body are clothed. The midsection is intact though slightly extended. The head, shoulder, and neck areas are partially covered by clothing, and in a mixed mass, with few identifiable parts. This exhibit was admitted during the testimony of the pathologist who performed an autopsy upon the body. He testified that he had arrived at his opinion as to the cause of death with difficulty due to the decomposed condition of the body. His opinion was that death occurred as the result of exposure to the cold and wet or of drowning, after the head had been subjected to external violence. The uncertainty in this opinion was the subject of cross-examination. The photograph was relevant in connection with the pathologist's testimony regarding the examination and the formation of his opinion. All three of these challenged exhibits would create a degree of revulsion to anyone viewing them; however, their tendency to do so was not great, and was outweighed by their relevant character, and hence the trial court properly admitted them.

### C.

■ Webster contends that the evidence serving to show that the victim Robin Thomas died as alleged in the charge, i. e. by beating and stabbing, or by drowning was insufficient. The State bears the burden at trial to prove that death occurred through the means expressed in the charge. *Montes v. State,* (1975) 263 Ind. 390, 332 N.E.2d 786. The pathologist gave his opinion as explained above, and in support thereof testified that there were lacerations to the neck, lips, and forehead and that he found black-colored mud in the windpipe and passages leading to the lungs. Codefendant Allen testified that Robin Thomas was beaten, cut at the throat and held under the water until he did not come up. The evidence tending to prove the cause of death was sufficient to support the verdict.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.