**Rodney JENNINGS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 485S135.

Supreme Court of Indiana.

Nov. 6, 1987.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant was convicted of four counts of burglary and four counts of theft arising out of the theft of televisions and other small appliances from several recreational vehicle structures located in a private camping development. The trial court imposed the maximum sentence on each of the eight counts and ordered the sentences served consecutively, for a total of 96 years. This direct appeal raises numerous issues, one of which is determinative: whether the trial court erred in its instructions relieving the State from the need, when an alibi defense is asserted, to prove the date of the charged offenses with particularity.

The trial proceeded upon an amended information which alleged that the burglaries and thefts occurred on or about September 17, 1981. Pursuant to Ind.Code §§ 35–5–1–1, –2 (Burns 1979 Repl.) (repealed September 1, 1982), defendant filed a notice of alibi defense and request for specific statement from the State. The State's response specified that the alleged offenses occurred between the hours of 10:00 p.m., September 16, 1981, and 6:00 a.m., September 17, 1981. During trial, defendant introduced testimony in support of his alibi defense showing that at the time indicated by the State, he was with a former girl friend at her home for the night.

With respect to alibi defense, the jury was instructed as follows:

> The defendant has asserted the offense [sic] of alibi. Evidence has been presented that at the time of the commission of the crime or crimes charged in the information, the defendant was at a different place so remote or distant that he could not have committed the crime. If you have a reasonable doubt as to whether the defendant was present at the time and place the crime was committed, you should find the defendant not guilty. The information states that the crime or crimes charged was committed on or about September 17, 1981. If you find that the crime or crimes charged were committed by the defendant, the State is not required to prove that it was committed on that particular date.

(R. 1199–1200). Defendant contends that it was reversible error to instruct the jury that "the State is not required to prove that it was committed on that particular date" when he had asserted an alibi defense, the State had responded with a specific date and time, and the defense had presented alibi evidence at trial. We agree.

Although the filing of an alibi defense does not impose a greater burden of proof on the State than would otherwise be required, *Merritt v. State* (1978), 267 Ind. 460, 371 N.E.2d 382, the filing of an alibi defense does make the time of the alleged offense of the essence. *Quillen v. State* (1979), 271 Ind. 251, 391 N.E.2d 817. The time is critical because the defendant desires to predicate his defense thereon. *Id.* The effect of the State's answer to the notice of alibi is to restrict the State to proof of the date in the answer. *Webster v. State* (1981), Ind., 426 N.E.2d 1295.

The above-quoted instruction misinformed the jury that the State was not limited to proving that the crime alleged was committed on the date specified. Under the facts of this case, this instruction should not have been given.

Having determined the instruction was erroneously given, we must ascertain whether reversible error exists. Instructions are to be considered as a whole and in reference to each other, and an error in a particular instruction will not require a reversal unless the error is such that the

whole charge of which it forms a part misleads the jury on the law of the case. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, *cert. denied*, (1985), 474 U.S. 834, 106 S.Ct. 106, 88 L.Ed.2d 86; *Smith v. State* (1984), Ind., 459 N.E.2d 355; *Turner v. State* (1980), 273 Ind. 627, 407 N.E.2d 235.

Considering the instructions as a whole, the misleading nature of the instruction compels us to conclude that reversible error occurred. The instructions informed the jury that even if they believed defendant's alibi defense, they could still find him guilty if they found that the charged offenses had been committed at a time different than that specified by the State. This circumvented and nullified defendant's opportunity to assert his defense of alibi, thereby fatally impairing his right to a fair trial and jeopardizing the reliability of its outcome.

Judgment reversed. Cause remanded to the trial court for new trial.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

GIVAN, J., dissents without opinion.