## FOR PUBLICATION



**FILED**

Dec 20 2013, 6:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RONALD GAINES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1303-CR-123 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary L. Miller, Judge
Cause No. 49G21-1206-CM-38826

**December 20, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Ronald Gaines appeals his conviction for Class A misdemeanor invasion of privacy. We affirm.

**Issues**

Gaines raises three issues, which we consolidate and restate as:

I.     whether there was a fatal variance between the charging information and the proof at trial; and

II.    whether the trial court properly admitted the State's Exhibits.

**Facts**

On May 15, 2012, the trial court granted S.G. an ex parte protective order against Gaines under Indiana Code Chapter 34-26-5. The trial court scheduled a hearing for June 11, 2012. Deputy Brandy Bouma of the Marion County Sheriff's Department served the protective order on Gaines on May 17, 2012.

On June 7, 2012, Officer Edward Fiscus of the Indianapolis Metropolitan Police Department was dispatched to S.G.'s residence regarding a violation of a protective order. When Officer Fiscus arrived, Gaines was in front of the residence, and the garage door was open. Officer Fiscus arrested Gaines, and the State charged him with Class A misdemeanor invasion of privacy for knowingly violating a "protective order issued to prevent domestic or family violence issued under IC 34-26-5." App. p. 18.

At Gaines's bench trial, Gaines objected to the admission of State's Exhibits 1 and 2. State's Exhibit 1 is a certified copy of the ex parte protection order that ordered Gaines not to contact S.G. and to stay away from S.G.'s residence. Page 2 of the order in

2

the exhibit binder is missing. The last page of the exhibit is a Marion County Sheriff's Department Return of Service that indicated Gaines was personally served with a copy of the order on May 17, 2012. State's Exhibit 2 is a certified printout from the Indiana Protection Order Registry that indicates Gaines received personal service of the order on May 17, 2012 by Deputy Bouma. Gaines argued that the service information on the exhibits violated his confrontation rights, that the exhibits contained hearsay, and that State's Exhibit 2 was not properly certified. The trial court overruled Gaines's objections. The trial court found Gaines guilty as charged. He was then sentenced to 365 days suspended with 180 days of probation. Gaines now appeals.

## Analysis

### I. Variance

Although Gaines argues that the evidence is insufficient to sustain his conviction, the basis of his argument is that there was a variance between the charging information and the proof at trial. Gaines was charged with invasion of privacy under Indiana Code Section 35-46-1-15.1, which provides:

> A person who knowingly or intentionally violates:
>
> (1)    a protective order to prevent domestic or family violence issued under IC 34-26-5 (or, if the order involved a family or household member, under IC 34-26-2 or IC 34-4-5.1-5 before their repeal); [or]
>
> (2)    an ex parte protective order issued under IC 34-26-5 (or, if the order involved a family or household member, an emergency order issued under IC 34-26-2 or IC 34-4-5.1 before their repeal);
>
> * * * * *

3

commits invasion of privacy, a Class A misdemeanor.

The charging information here alleged that Gaines knowingly violated "[a] protective order issued to prevent domestic or family violence issued under IC 34-26-5." App. p. 18. At trial, the State presented evidence that Gaines violated an ex parte protective order, not a protective order.

Gaines argues that, as a result of this difference, the State did not meet its burden of proof and the evidence is insufficient to sustain his conviction. The State argues that the evidence is sufficient and there is no variance between the charging information and the evidence at trial because "every ex parte order issued under Chapter 34-26-5 is a protective order to prevent domestic or family violence issued under Chapter 34-26-5." Appellee's Br. p. 7. Alternatively, the State argues that any variance between the charge and the proof in this case is immaterial.

The main difference between an ex parte protective order and a protective order is that an ex parte protective order is issued before a hearing is held. We need not decide, however, whether there is a variance between the charging information and the proof at trial because alleged variance is not fatal. A variance between the charging information and proof at trial does not necessarily require reversal. Broude v. State, 956 N.E.2d 130, 135 (Ind. Ct. App. 2011), trans. denied. The test to determine whether a variance is fatal is:

> (1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

4

> (2) will the defendant be protected in [a] future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

Id. at 136. "Put another way, if the variance either misleads the defendant in the preparation of his defense resulting in prejudice or leaves the defendant vulnerable to double jeopardy in a future criminal proceeding covering the same event and evidence, then the variance is fatal." Id.

There is no indication that Gaines was misled by the alleged variance here. In fact, the difference between an ex parte protective order and a protective order was never mentioned during the trial. There was only one protective order issued, and there was no confusion as to what protective order was at issue. Gaines argues that the variance has the potential to subject him to a future criminal proceeding covering the same event, facts, and evidence, but he was only subject to one protective order at the time of these events. Gaines has failed to show how he is vulnerable to double jeopardy in a future criminal proceeding. Gaines has failed to demonstrate that the alleged variance was fatal.[1]

## II. Admission of State's Exhibits 1 and 2

---

[1] Gaines also argues that the ex parte protective order is not "substantial evidence of probative value" to support his conviction because page 2 of the exhibit is missing. Appellant's Br. p. 9. Gaines argues that, without page 2, "the Court cannot fairly evaluate whether Mr. Gaines' conviction is supported by proof beyond a reasonable doubt." Id. at 10. Indiana Evidence Rule 106 allows an adverse party to "require . . . the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it." However, Gaines did not object to the admission of State's Exhibit 1 on this basis, and he makes no argument that the admission of the exhibit was fundamental error. Moreover, the exhibit clearly demonstrates that a protective order was issued to S.G. to prevent Gaines from contacting her and clearly ordered Gaines to stay away from S.G.'s residence. The missing page does not affect the sufficiency of the evidence.

Next, Gaines argues that the trial court abused its discretion by admitting State's Exhibits 1 and 2. We review the admission of evidence for an abuse of discretion. Wilson v. State, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001).

### A. State's Exhibit 1

Gaines argues that State's Exhibit 1, which was a certified copy of the ex parte protective order, should not have been admitted because it violated his rights under the Confrontation Clause of the Sixth Amendment. Specifically, Gaines takes issue with the admission of the last page of the exhibit, which was a Marion County Sheriff's Department Return of Service that indicated Gaines was personally served with a copy of the order on May 17, 2012. Gaines complains that he was not able to cross-examine the Sheriff's deputy regarding the service.

The Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause prohibits the admission of an out-of-court statement if it is testimonial, the declarant is unavailable, and the defendant had no prior opportunity to cross-examine the witness. King v. State, 985 N.E.2d 755, 758 (Ind. Ct. App. 2013) (citing Crawford v. Washington, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004)), trans. denied. Although the Crawford court intentionally refrained from defining

6

what evidence is testimonial, it listed three "formulations of this core class of 'testimonial' statements":

> (1) ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;
>
> (2) extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions;
>
> (3) statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Pendergrass v. State, 913 N.E.2d 703, 706 (Ind. 2009) (quoting Crawford, 541 U.S. at 51-52, 124 S. Ct. at 1364), cert. denied. "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." Melendez-Diaz v. Massachusetts, 557 U.S. 305, 324, 129 S. Ct. 2527, 2539-40 (2009).

The return of service of the ex parte protective order is at issue here. Indiana Trial Rule 4.15(B) provides:

> The return, along with the summons to which it is attached or is a part, the praecipe for summons, affidavits furnished with the summons or praecipe for summons, and all other affidavits permitted by these rules shall be filed by the clerk with the pleadings and other papers in the case and thereupon

7

> shall become a part of the record, and have such evidentiary effect as is now provided by law. Copies of such record shall be admissible in all actions and proceedings and may be entered in any public records when certified over the signature of the clerk or his deputy and the clerk's seal.

Ind. R. Trial P. 4.15. Additionally, returns of service are admissible under the public records exception of the hearsay rules. See Ind. Evid. R. 803(8); see e.g., United States v. Union Nacional de Trabajadores, 576 F.2d 388, 391 (1st Cir. 1978) (holding that a sheriff's return of service was admissible under Federal Evidence Rule 803(8)).

Although our courts have not yet addressed returns of service in the context of the Confrontation Clause, other courts have addressed and rejected the argument made by Gaines. For example, in State v. Copeland, 306 P.3d 610, 627 (Or. 2013), the Oregon Supreme Court addressed the admissibility of a certificate of service of a restraining order in the context of the Confrontation Clause and Crawford. The court noted that "the primary purpose" of the certificate of service "was to serve the administrative functions of the court system, ensuring that defendant, the respondent in the restraining order proceeding, received the notice to which he is statutorily and constitutionally entitled, establishing a time and manner of notice for purposes of determining when the order expires or is subject to renewal, and assuring the petitioner that the subject of the order knew of its existence." Copeland, 306 P.3d at 627. Because the certificate of service was primarily created for an administrative purpose, the court concluded that "the certificate of service was not testimonial, and its admission did not violate defendant's Sixth Amendment confrontation rights." Id. at 628.

8

Other courts have reached the same result. See State v. Shivers, 280 P.3d 635, 640 (Az. Ct. App. 2012) (holding that "[t]he [declaration of service] was non-testimonial because it was created primarily for an administrative purpose rather than for a prosecutorial purpose" and "the trial court did not violate [the defendant's] Sixth Amendment right to confront witnesses by admitting the [declaration of service] in evidence without the officer's testimony or a showing he was unavailable and [the defendant] had been given the opportunity to cross-examine him"), review denied; State v. Tryon, 255 P.3d 498, 500-02 (Or. Ct. App. 2011) (holding that "serving the restraining order and making proof of that service, and triggering notification to law enforcement agencies that a restraining order has been issued" were "routine, nonadversarial tasks" and the return of service was not testimonial); Com. v. Shangkuan, 943 N.E.2d 466, 472-73 (Mass. Ct. App. 2011) (holding that a "return of service is not created solely for use in a pending criminal prosecution" and it was not testimonial in the context of the Confrontation Clause), review denied.

We find these cases instructive. The primary purpose of the return of service is administrative—ensuring that the defendant received notice of the protective order. See I.C. § 34-26-5-9(e) ("The sheriff of each county shall provide expedited service for an order for protection."). Although the return of service may be used later in a criminal prosecution, the return of service was not created solely for use in a pending or future criminal prosecution. See Melendez–Diaz, 557 U.S. at 323-24, 129 S. Ct. at 2539–2540. As such, we conclude that the return of service was not testimonial, and its admission did not violate Gaines's rights under the Confrontation Clause.

### B. *State's Exhibit 2*

Next, Gaines argues that the trial court abused its discretion by admitting State's Exhibit 2, which is a certified printout from the Indiana Protection Order Registry that indicates Gaines received personal service of the order on May 17, 2012 by Deputy Bouma. Gaines argues that the printout contains hearsay statements regarding service of the protective order and that the printout is not admissible under Indiana Evidence Rule 803(8).

We need not address Gaines's argument because the service information in State's Exhibit 2 is cumulative of the service information in State's Exhibit 1. The admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other evidence properly admitted. Collins v. State, 966 N.E.2d 96, 104 (Ind. Ct. App. 2012). Because the trial court properly admitted State's Exhibit 1, which details the service of the protective order on Gaines, any error in the admission of State's Exhibit 2, which contains the same information, is harmless.

### Conclusion

The trial court properly admitted State's Exhibit 1 and State's Exhibit 2, and the alleged variance was not fatal. We affirm.

Affirmed.

ROBB, C.J., and BROWN, J., concur.