**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 17 2014, 6:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH FERRELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1311-CR-567 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Crawford, Judge
Cause No. 49F09-1302-FD-11849

**July 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a bench trial, Kenneth Ferrell was convicted of residential entry, a Class D felony, and sentenced to one year in community corrections, with 180 days to be served on home detention and the remainder suspended. Ferrell appeals his conviction, contending the State failed to prove the date of the offense as alleged in the information. Concluding any variance in the State's pleading and proof was not material and the evidence was otherwise sufficient, we affirm.

## Facts and Procedural History

On a Friday evening in February, teenager Cole Weaver was home alone while his father, James, was at his weekly band practice. The back door to the house was unlocked, as it usually was when someone was home. Cole heard someone coming up the stairs from the back door into the hallway and assumed it was his dad. Cole called out but got no answer. Cole then heard the person in the hallway go back down the stairs. As he came out of his room to investigate, Cole saw the person at the bottom of the stairs briefly but clearly before the man exited the house. Cole recognized him as a neighbor, Ferrell. Cole ran downstairs and yelled out the door at Ferrell to not come back.

Because Cole's cell phone was dead and the Weavers did not have a house phone, Cole waited until his dad arrived home sometime after 11:00 p.m. to tell anyone what had happened. James called his landlord, who also happened to be a police officer, and then called the police. Indianapolis Metropolitan Police Department ("IMPD") Officer Kelli Novak arrived at the Weavers' house shortly after midnight. After speaking with the Weavers, Officer Novak went to Ferrell's residence and knocked on the door, but no one answered.

Several days later, IMPD Detective Kevin Joyce went to the Weavers' home and spoke with James and Cole. Cole again related the events of that Friday evening and immediately identified Ferrell from a photo array as the person who had entered the house. Detective Joyce also went to Ferrell's home and knocked on the door, but again no one answered.

The State charged Ferrell with residential entry, a Class D felony, alleging that:

> On or about February 9, 2013, in Marion County, State of Indiana, the following named defendant Kenneth Ferrell Jr., did knowingly break and enter the dwelling of James Weaver, another person.

Appellant's Appendix at 21. On April 25, 2013, Ferrell filed a Belated Notice of Alibi Defense,[1] stating that he was at his home on February 9, 2013, and requesting the State file a specific statement in regard to the exact date, time, and location of the charged offense. The State did not file a response. At a pre-trial conference on May 16, 2013, the trial court considered the belated notice:

> THE COURT: Uh, there was also an issue of a belated notice of alibi defense uh, that has been filed in this case. And it's a belated notice of alibi. It was pass [sic] the um, deadline. Uh, State do you have any position?
> [THE STATE]: No, Your Honor.
> THE COURT: All right. Do you have any objection?
> [THE STATE]: No, Your Honor.
> THE COURT: What was the reason that it was late in being filed . . .?
> [THE DEFENSE]: Judge, I had to speak with the uh, witness and um, discuss it with the client. There – as the Court knows, when you file a [sic] alibi defense, you're – you know, you're stuck with it. And, in my past experience, um, you know, I need to make sure that people understand the significance of filing that, and investigate it myself to make sure that it's something that needs to be filed ethically.

---

[1] Pursuant to Indiana Code section 35-36-4-1, any notice of alibi was due twenty days prior to the omnibus date of April 13, 2013.

3

THE COURT: Um, all right. State, there's been no response from the State on this. So you are – that means that you're bound to this date. Do you understand?

[THE STATE]: Yes, Your Honor.

THE COURT: All right. All right. The Court then is going to uh, grant your request to file of [sic] this notice – belated notice of alibi.

Transcript at 8-9.

Having previously waived a jury trial, Ferrell was tried to the bench in July 2013. Cole Weaver was the State's first witness. The State asked where he resided on February 9, 2013, and showed him an aerial photograph of his neighborhood, asking if it accurately reflected the neighborhood on February 9, 2013. The State then asked, "Going back to February 9th, 2013, uh, what day of the week was that?" Id. at 20. Cole responded it was a Friday, and he knew that it was a Friday because he had been at school that day. On cross-examination, Ferrell's counsel also questioned Cole about the day of the week the incident had occurred, and Cole again confirmed it had happened on a Friday.

[Defense counsel] Q: Now, February – uh, this is a Friday in February, right?
A: Yes.
Q: And if you – see there's a calendar right over there. So if you look at February uh, for February uh, 8th would be what, a Friday, right?
A: Yes. You can see that.
Q: And Saturday would then have been February 9th, right?
A: Yes.
Q: Okay. So this would have been um, this would have happened on February 8th, Friday, February 8th, correct?
A: Correct.

Id. at 31. When James took the stand as the State's second witness, the State began by asking where he lived and what he was doing on February 8, 2013.

At the conclusion of the State's evidence, Ferrell made a motion for a directed verdict, arguing that the notice of alibi had made time of the essence and the State had

4

failed to prove the allegation of the information that the crime had been committed on February 9, 2013. The trial court denied the motion, and Ferrell presented the testimony of Tammy Robinson, his alibi witness. Robinson was Ferrell's girlfriend in February of 2013, and they shared a house. After clarifying that February 8, 2013 was a Friday and February 9, 2013 was a Saturday, Ferrell's counsel asked, "So Friday going into Saturday, were you with Kenneth Ferrell that day?" Id. at 90. Robinson replied that she was, that they were home all night, and that she never heard knocking on the door. On cross-examination, the State asked what she and Ferrell were doing that night, and Robinson replied, "[i]f anything, we probably just sat home and watched TV. . . . That's what we usually did." Id. at 92. The court then asked, "do you have any specific recollection of this particular night of February 8th?" and Robinson replied, "No, I don't." Id. at 98. Ferrell also testified and denied ever being in the Weavers' home. The trial court found Ferrell guilty, specifically noting that the alibi was not credible because Robinson was unable to specifically recall the evening in question. Ferrell now appeals his conviction.

## Discussion and Decision

### I. Standard of Review

Although Ferrell phrases his argument as one of sufficiency of the evidence supporting his conviction, he is in essence challenging whether the variance between the charge and evidence is reversible error. A variance is an essential difference between the pleading and the proof. Allen v. State, 720 N.E.2d 707, 713 (Ind. 1999). Not all differences between the charging information and the proof at trial necessarily require reversal, however. Gaines v. State, 999 N.E.2d 999, 1002 (Ind. Ct. App. 2013). A

5

variance is fatal only if the defendant was misled by the variance in the preparation and maintenance of his defense and he was harmed or prejudiced thereby or if the defendant could be subject to the possibility of a future criminal proceeding covering the same event, facts, and evidence.  Id.

## II.  Material Variance?

Ferrell argues that because he filed a notice of alibi and the State failed to respond with a more specific statement of the date he was alleged to have committed the crime and did not amend the information, the State was required to prove that the offense occurred on the date originally charged and failed to do so.  Our supreme court considered a nearly identical situation in Quillen v. State, 271 Ind. 251, 391 N.E.2d 817 (1979).  The defendant was charged with armed robbery occurring on December 4.  The defendant had given notice of an alibi for that date and the State had responded with December 5 as the correct date but the information was never formally amended.  At trial, the State's evidence disclosed the crime occurred on December 5 and the defendant's alibi evidence also related to December 5.  On appeal of a jury verdict of guilty, the defendant argued he could not be convicted upon evidence that he committed a crime on December 5 when he was charged with committing a crime on December 4.  Our supreme court disagreed.  "[A]lthough time becomes of the essence when the alibi statute has been invoked, it is also well settled that a variance, in order to be fatal, must be of such substantial nature as to mislead the accused in preparing and maintaining his defense or be of such a degree as is likely to place him in second jeopardy for the same offense."  Id. at 253, 391 N.E.2d at 819.  Because the defendant was aware December 5

6

was the critical date and had prepared and presented his defense on that basis, he was not harmed by the variance and his conviction was affirmed.  Id.

Although here, unlike in Quillen, the State failed to respond to the defendant's notice of alibi and did not move to amend the information to reflect the critical date,[2] we nonetheless believe the result should be the same.  Although somewhat a semantic technicality, the information did allege that the crime was committed "on or about" February 9, 2013, Appellant's App. at 21, and the evidence showed that the crime occurred in the waning hours of February 8 and reporting and investigation thereof ran into the early hours of February 9.  See Johnson v. State, 734 N.E.2d 530, 531-32 (Ind. 2000) (noting that there was no material variance when the charge alleged the crime occurred "on or about" April 22, 1998, even though State did not file a response to the defendant's notice of alibi and presented evidence at trial that the crime occurred in the early morning hours of April 23, 1998).  Further, Ferrell was not misled by the date in the information as he specifically questioned his alibi witness as to his whereabouts on the evening of February 8 into the morning of February 9.  Neither was his defense prejudiced, as he himself testified that he had never entered the Weavers' home, regardless of the date.  Further, there is no realistic risk that Ferrell will be prosecuted again for the same entry into the Weaver home.

The evidence most favorable to the trial court's judgment is that Cole Weaver heard someone enter his home uninvited on the night of February 8, 2013, and when he went to investigate, he saw Ferrell—a  man he did not know by name at that time but

---

[2] Had the State simply observed the formalities required of it instead of failing to respond, object, or take action to amend the error, this issue could have been avoided.

knew to be a resident of neighboring home—exiting out the back door.  This is sufficient to sustain his conviction for residential entry.

Conclusion

The evidence proves Ferrell committed the offense of residential entry and despite Ferrell's assertion of an alibi defense, any variance between the information and the evidence regarding the date of the offense was not material.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and BRADFORD, J., concur.