**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK F. JAMES**
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 29 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHNNYLEE SIMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1403-CR-98 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1207-FC-169

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Johnnylee Sims appeals his conviction for class C felony burglary. He challenges the sufficiency of the evidence to support his conviction as well as the trial court's admission of a 911 recording. Finding the evidence sufficient and concluding that the trial court acted within its discretion in admitting the 911 recording, we affirm.

## Facts and Procedural History[1]

Late one night in July 2012, as Rodney Dials sat on the front porch of his South Bend home, he saw a man circle around a nearby building housing a convenience store and a small-engine-repair garage. Dials had lived in his home for forty-two years, knew the building owner Clarence Taylor, and took regular walks by the building. When Dials heard a noise coming from the garage area of the building, he approached the alley by the garage and noticed that a panel had been broken out of the garage door. Dials saw a man later identified as Sims inside the lighted garage. Sims gathered three weedeaters and pushed them one by one through the missing panel. He then crawled through the opening and out into the alley. There, he was confronted by Dials, who informed him that he was calling the police. Sims took the three weedeaters and left.

Dials immediately phoned 911 and described to the dispatcher Sims's complexion, hair, and clothing. He stated that the suspect had stolen weedeaters from the garage and left, heading in the direction of a nearby park.

---

[1] We note that Sims has failed to include a statement of facts in his appellant's brief as required by Indiana Appellate Rule 46(A)(6).

When police apprehended Sims at a nearby gas station, he had three weedeaters in his possession. He told the officers that the weedeaters belonged to him and that he was planning to use them for scrap. He later testified that he had found the weedeaters in the alley by the garage and assumed that they were trash. Police went to the scene and found no weedeaters or other trashed lawn equipment in the alley. They saw that there was a panel missing from the garage door.

Property owner Taylor reported that he had not known of any missing panel prior to the incident. He also stated that he did not know Sims, that he never left weedeaters or other equipment in the alley as trash, and that he always kept items inside the garage in the hope of using the parts to fix other small engines and equipment.

The State charged Sims with class C felony burglary. At trial, the State introduced the recording of Dials's 911 call over Sims's objection. The jury found him guilty as charged. He now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

**Section 1 – Sufficiency of Evidence**

Sims challenges the sufficiency of the evidence to support his burglary conviction. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.

Indiana Code Section 35-43-2-1 (1999) states, "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Here, the State charged Sims with breaking and entering Taylor's garage with the intent to commit a felony therein, that is, theft, meaning that he "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2 (2009).

Dials was the sole eyewitness to the burglary. Sims characterizes Dials's testimony as dubious and asks that we impinge upon the jury's function to judge Dials's credibility by applying the "incredible dubiosity" rule, which states,

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007) (citations and quotation marks omitted).

Dials testified that there were lights on inside the garage and that he could see Sims through the missing two-by-three-foot door panel. He testified that he observed Sims as he walked around inside the garage, pushed one weedeater through the opening, and then returned twice to obtain other weedeaters and set them outside. Sims bases his incredible dubiosity claim on the fact that each of the officers testified that there were no lights on inside the garage. However, none of the officers were present while Sims was inside the

4

garage. Thus, the officers could not possibly have testified about whether the lights were on at the time of the offense. They could only testify concerning their observations once they were dispatched to the scene. The jury was free to infer that in the interim, the lights had been turned off. Dials's testimony therefore does not contradict the officers' testimony.

Moreover, the incredible dubiosity rule applies only where there is a complete lack of circumstantial evidence. Here, testimonial and circumstantial evidence bolsters Dials's account of the incident. Taylor testified that he did not know Sims, that he had never given Sims permission to take any weedeaters from his garage, and that he never kept weedeaters outside for disposal, as Sims had asserted. Police officers pursued and apprehended Sims based on Dials's description and found three of Taylor's weedeaters in his possession. The officers' testimony concerning their observations of damage to the garage door corroborated Dials's testimony that Sims had gained entrance to the garage by breaking a door panel, one that had not been broken hours earlier when Dials walked by the property. Simply put, Dials's testimony is neither inherently improbable nor lacking in corroboration. Thus, the incredible dubiosity rule is inapplicable, and we must decline Sims's invitation to reweigh evidence and judge credibility. The evidence most favorable to the verdict is sufficient to support Sims's burglary conviction.

### Section 2 – Admission of Evidence

Sims also maintains that the trial court committed reversible error in admitting the recording of Dials's 911 call. We review a trial court's ruling on the admissibility of evidence using an abuse of discretion standard. *Bradford v. State*, 960 N.E.2d 871, 873 (Ind.

5

Ct. App. 2012). An abuse of discretion occurs where the trial court's ruling is clearly against the logic, facts, and circumstances before it. *Id.* In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in favor of the appellant. *Kirk v. State*, 974 N.E.2d 1059, 1066 (Ind. Ct. App. 2012), *trans. denied*. "Error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected." *Kimbrough v. State*, 911 N.E.2d 621, 631 (Ind. Ct. App. 2009) (citing Ind. Evidence Rule 103). In ascertaining whether an evidentiary ruling affected a party's substantial rights, we assess the probable impact of that evidence on the trier of fact. *Kirk*, 974 N.E.2d at 1066.

Indiana Evidence Rule 403 (2013) states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Sims submits that the 911 recording is identical in content to Dials's in-court testimony and that "the jury hear[ing] the same testimony twice … was prejudicial." Appellant's Br. at 3. We disagree.

First, the mere fact that the jury hears the same evidence more than once does not render the evidence prejudicial. *See Gaines v. State*, 999 N.E.2d 999, 1005 (Ind. Ct. App. 2013) (emphasizing that admission of evidence is harmless and not grounds for reversal where evidence is merely cumulative of other properly admitted evidence). Second, we note that while the information contained in the 911 recording overlaps in some respects with Dials's in-court testimony, the two are not identical. For example, at trial, Dials never

6

described Sims's physical attributes or the clothing he wore on the night of the incident; instead, he simply stated that he had given police a description of Sims and the weedeaters and told them in which direction Sims had fled. In contrast, the 911 recording specifically describes certain of Sims's physical attributes, such as his complexion and the color and style of his hair and clothing. Additionally, Dials's ability to provide such specific details immediately after the incident bolstered his in-court testimony regarding the close proximity between him and Sims during the confrontation as well as his observations concerning the weedeaters.

In sum, Sims has failed to establish that the 911 recording was needlessly cumulative or that he was otherwise unfairly prejudiced by the trial court's ruling. Based on the foregoing, we conclude that the trial court acted within its discretion in admitting the recording. Accordingly, we affirm.

Affirmed.

RILEY, J., and MATHIAS, J., concur.