## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 26 2017, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antion Hill,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 26, 2017<br><br>Court of Appeals Case No.<br>02A03-1610-CR-2440<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D04-1607-F6-778 |

**Barnes, Judge.**

# Case Summary

Antion Hill appeals his conviction for Level 6 felony domestic battery. We affirm.

# Issue

Hill raises one issue, which we restate as whether the trial court abused its discretion by admitting a summary of text messages exchanged between the victim and the Fort Wayne/Allen County 911 call center.

# Facts

On July 6, 2016, M.E. was living with Hill at the Coliseum Inn in Fort Wayne. On that morning, Hill was angry because he did not have any cigarettes. M.E. asked him what he wanted her to do, and he slapped her. When she tried to leave, he would not let her. Later that day, Hill became upset because he did not have any beer, and M.E. "smarted off" about the situation. Tr. Vol. II p. 100. Hill then back-handed her, and M.E. blocked his hand. Hill shoved her into a closet, put his hands around her neck, and punched her in the chest approximately sixteen times. M.E. dialed 911 with her cell phone but hung up "real quick." *Id.* at 101. She lost consciousness for a while, but when she woke up, she saw that the 911 call center was sending her text messages, and she responded. The police arrived a few minutes later. When Hill opened the door, M.E. mouthed to the officers that Hill had been beating her and that she needed help. M.E. had bruising to her chest, arms, and neck.

The State charged Hill with Level 6 felony domestic battery and Level 6 felony strangulation. At Hill's jury trial, the State sought the admission of the summary of text messages exchanged between M.E. and the 911 call center. Hill objected based on relevancy, and the trial court overruled the objection. The jury found Hill guilty of domestic battery but not guilty of strangulation. The trial court sentenced Hill to two and one-half years in the Department of Correction. Hill now appeals.

## Analysis

Hill argues that the trial court erred by admitting the summary of text messages exchanged between M.E. and the 911 call center. We review the admission of evidence for an abuse of discretion. *Wilson v. State*, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Smith v. State*, 754 N.E.2d 502, 504 (Ind. 2001). The admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other properly admitted evidence. *Gaines v. State*, 999 N.E.2d 999, 1005 (Ind. Ct. App. 2013).

On appeal, Hill argues that the trial court erred by admitting the document because there was no testimony regarding when the text messages were sent or who sent them. However, even if the trial court erred by admitting the document, any error was harmless. Juatanne Gersos, deputy director of the 911 call center, testified that, if the call center receives a 911 hang up, they call the number back. If no one answers, they text the number if it is a cell phone. The State asked Gersos about "control number 16F09060," and Gersos testified that

the suspect on that control number was Hill, that the victim was M.E., that the text records are kept in the ordinary course of business, and that State's Exhibit 1 was a fair and accurate representation of the text records. Tr. Vol. II p. 87. The State then sought to admit State's Exhibit 1, and Hill objected on the basis of relevancy. Hill argued that there needed to be evidence regarding who sent the text messages and the telephone number that was sending the text message. The trial court found that the document was relevant and overruled Hill's objection. The document details text messages between M.E. and 911 in which M.E. requests police assistance because Hill had "just beat my a**." State's Exhibit 1. M.E. later testified that she had been texting with 911 and that Hill had slapped, back-handed, and punched her. The information found in the document was completely cumulative of M.E.'s testimony. Consequently, any error in the admission of the document was harmless.

## Conclusion

[7] Any error in the admission of the summary of text messages between M.E. and the 911 call center was harmless. We affirm.

[8] Affirmed.

Baker, J., and Crone, J., concur.