

**FILED**

Sep 08 2017, 7:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

Andrew Achey
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua Thompson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 8, 2017 <br><br> Court of Appeals Case No. <br> 09A04-1611-CR-2582 <br><br> Appeal from the Cass Superior Court <br><br> The Honorable Richard Maughmer, Judge <br><br> Trial Court Cause No. <br> 09D02-1510-F5-89 |

**May, Judge.**

[1] Joshua Thompson pled guilty to Level 6 felony domestic battery,[1] Level 6 felony battery with moderate bodily injury,[2] and Level 5 felony battery resulting in serious bodily injury.[3] The trial court entered convictions on only two of the admissions: Level 6 felony domestic battery and Level 5 felony battery resulting in serious bodily injury. The court imposed consecutive sentences of two and four years, respectively.

[2] In this direct appeal, Thompson contends: (1) his conviction of Level 5 felony battery resulting in serious bodily injury should be vacated because the charging information fails to allege a crime; (2) his conviction of two counts of battery for one touching constitutes impermissible double jeopardy; and (3) his six-year sentence is inappropriate in light of the nature of his offense. We affirm Thompson's conviction of Level 5 felony battery resulting in serious bodily injury, vacate Thompson's conviction Level 6 felony domestic battery on double jeopardy grounds, and remand for the court to resentence Thompson.

## Facts and Procedural History

[3] On July 28, 2015, Thompson and his ex-wife, Brooke, began to argue on the telephone about child support. Thompson drove to Brooke's house to continue the argument. The argument became more heated and then, in front of their

---

[1] Ind. Code §§ 35-42-2-1.3(a) & 35-42-2-1.3(b)(2) (2014).

[2] Ind. Code §§ 35-42-2-1(b)(1) & 35-42-2-1(d)(1) (2014).

[3] Ind. Code §§ 35-42-2-1(b)(1) & 35-42-2-1(f)(1) (2014).

two-year-old child, Thompson shoved Brooke. Brooke tripped and fell over the curb, twisting her ankle and causing her pain. As she fell, Brooke struck Charlotte Wells, her boyfriend's elderly grandmother, in the mouth, which caused Wells to fall and fracture her tailbone and a vertebra in her back.

[4] The State initially charged Thompson with: (1) Level 6 felony domestic battery for pushing Brooke in a rude, insolent or angry manner causing injury to Brooke, in front of their child, *see* Indiana Code section 35-42-2-1.3; and (2) Level 6 felony battery with moderate bodily injury for pushing Brooke and causing her moderate bodily injury in the form of a twisted ankle and pain, *see* Indiana Code section 35-42-2-1(d)(1). Later, the State added a third charge alleging Thompson committed Level 5 felony battery of Brooke resulting in serious bodily injury to Wells. *See* Ind. Code § 35-42-2-1(f)(1).

[5] The day before he was scheduled for a jury trial, Thompson pleaded guilty to all three counts without the benefit of a plea agreement. The trial court concluded the two Level 6 felony charges punished the same act and entered conviction on only the Level 6 felony domestic battery. The court suggested the Level 5 felony battery was also the same crime as the Level 6 felonies for Double Jeopardy purposes, but the State insisted the crimes were distinguishable because they involved "separate victims." (Sentencing Tr. at 24.) The court thereafter also entered a conviction of Level 5 felony battery resulting in serious bodily injury. The court sentenced Thompson to consecutive sentences of two and four years, respectively, for an aggregate sentence of six years.

# Discussion and Decision

## *Waiver*

The State, relying on *Mapp v. State*, 770 N.E.2d 332, 335 (Ind. 2002), argues Thompson waived his challenges to the validity of his convictions by pleading guilty to the crimes. (*See* Appellee's Br. at 7-9.) We acknowledge *Mapp* held: "Defendants waive a whole panoply of rights by voluntarily pleading guilty. These include the right to a jury trial, the right against self-incrimination, the right of appeal, and the right to attack collaterally one's plea based on double jeopardy." 770 N.E.2d at 334-35. Thus, a person who pleads guilty pursuant to an agreement with the State is limited, on direct appeal, to challenging only the merits of any sentencing decision that was not fixed by the plea agreement. *Id.* at 333.

However, Thompson did not have a plea agreement. Instead, he pled guilty in open court to all charged crimes without an agreement that might provide him any benefit. We have held that such a circumstance is distinguishable from *Mapp*, such that a defendant has not waived his right to challenge the validity of the convictions that were entered. *See McElroy v. State,* 864 N.E.2d 392, 396 (Ind. Ct. App. 2007) (when guilty plea was entered without the benefit of a plea agreement, defendant "may raise a double jeopardy argument" on direct appeal), *trans. denied*.

We also note that declining to hold Thompson waived those arguments seems especially appropriate because, during his change of plea hearing, the trial court

assured Thompson that it would not enter convictions that subjected him to double jeopardy:

> THE COURT:      Okay, if we get a factual basis today what will happen is that I will order a pre-sentence investigation report from the probation department so I can get to know you better and after I read the report and hearing evidence at a sentencing hearing I will decide what penalty to impose for these matters that you are pleading guilty to along with merging or joining these offenses if it's appropriate to do so.  For example if the third count consumes Counts 1 and 2 you will only be punished for one count do you understand what I am saying?
>
> DEFENDANT:    Yes, sir.
>
> THE COURT:      But I haven't made that decision today.

(Tr. Plea Hearing at 12-13.)

[9]     At sentencing, after discussion with counsel, the court "vacate[d]" the conviction of the second Level 6 felony, battery with moderate bodily injury, and entered sentences on the other two counts.  (Tr. Sentencing at 27.)  The court then told Thompson:

> I need to advise you because the action that I took today was discretionary you have the right to proceed under Criminal Rule 11 which you need to consider.  That rule says that you are entitled to take an appeal or file a motion to correct error from the action that I took today.

(*Id*. at 29.)

[10] In light of the court's assurances to Thompson that he would be convicted of and sentenced for only those crimes that were proper to enter and that he could bring a direct appeal of the court's decisions, justice demands we follow *McElroy*, rather than *Mapp*, and address the merits of Thompson's assertions.

[11] Before we turn to the merits of Thompson's arguments, we note the State's brief argues only that Thompson waived his arguments. The State does not suggest how we should deal with Thompson's arguments if we should choose to address them on the merits. When an appellee fails to present argument on the merits of an appellant's issue,

> we will treat this issue as one where no appellee's brief was filed. In such cases, we need not develop an argument for the appellee and we apply a less stringent standard of review. *Vandenburgh v. Vandenburgh,* 916 N.E.2d 723, 725 (Ind. Ct. App. 2009). We may reverse if the appellant is able to establish *prima facie* error, which is error at first sight, on first appearance, or on the face of it. *Id.* The appellee's failure to provide argument does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

*Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015). We keep this standard in mind as we turn to the validity of Thompson's convictions.

### *Validity of Level 5 felony Conviction*

[12] Thompson first asserts his Level 5 felony conviction must be vacated because

> count 3 does not allege the crime of battery. A person is guilty of battery if they knowingly or intentionally touch another person in

a rude, insolent, or angry manner. Count 3 alleges that Thompson pushed his ex-wife and as a result his ex-wife accidentally knocked Wells to the ground. Wells was accidentally touched and she was touched by someone other than the defendant. The crime of battery requires the defendant to actually touch his victim. Count 3 does not allege that Thompson touched Wells and the facts establish that Thompson never touched Wells. The facts alleged in count 3, therefore, do not constitute any recognized crime under Indiana law.

(Appellant's Br. at 15.)

[13] The question Thompson raises – whether the facts charged meet the statutory definition of battery – is one of statutory construction. *See*, *e.g.*, *Herron v. State*, 729 N.E.2d 1008, 1010 (Ind. Ct. App. 2000) (reviewing whether Indiana's statutory definition of "dependent" included unborn children, such that Herron's ingestion of cocaine during pregnancy could constitute "neglect of a dependent"), *trans. denied*. Our primary goal when interpreting a statute is "to fulfill the legislature's intent," *Day v. State*, 57 N.E.3d 809, 812 (Ind. 2016), and we determine its intent by looking at the language in the statute. *Id.* "If that language is clear and unambiguous, we simply apply its plain and ordinary meaning, heeding both what it 'does say' and what it 'does not say.'" *Id.* (quoting *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003)). As construction of a statute is a question of law, we review it *de novo*. *Id.* at 811.

[14] When the State charged Thompson with battery resulting in serious bodily injury as a Level 5 felony, it alleged:

> Thompson did knowingly or intentionally push Brooke
> Thompson causing Brooke Thompson to fall backwards striking
> Charlotte Wells in the mouth causing Charlotte Wells to fall to
> the ground resulting in serious bodily injury, to-wit: fractured
> vertebrae in her back, contrary to the form of the statutes in such
> cases made and provided by I.C. 35-42-2-1(b)(1) and I.C. 35-42-
> 2-1(f)(1) . . . .

(Appellant's App. Vol. II at 46.) Thompson asserts that allegation cannot state a crime because "battery requires the defendant to actually touch his victim." (Appellant's Br. at 15.) Thompson has not cited any authority to support his assertion, and he may be correct, but it depends on what Thompson means by "victim."[4]

[15] The basic definition of battery, as relevant to our discussion, is that it occurs when one person "knowingly or intentionally . . . *touches another person* in a rude, insolent, or angry manner." Ind. Code § 35-42-2-1(b)(1) (2014). If Thompson's use of the word "victim" is in reference to "another person" who must be touched for battery to have occurred, then Thompson is correct that battery requires a defendant "to actually touch his victim." (Appellant's Br. at 15.)

[16] If, however, Thompson was using the word "victim" in reference to the person who received the injuries as a result of the battery, then the plain language of

---

[4] Interestingly, confusion about the identity of the "victim" also caused the trial court to enter two convictions in violation of Thompson's right to be free from double jeopardy, which we will address in the next section of this opinion.

the battery statute demonstrates he is incorrect. Class B misdemeanor battery, which requires the touching of "another person," becomes a Class A misdemeanor if it "results in bodily injury *to any other person*," Ind. Code § 35-42-2-1(c) (2014) (emphasis added); a Level 6 felony if it "results in moderate bodily injury *to any other person*," Ind. Code § 35-42-2-1(d)(1) (2014) (emphasis added); a Level 5 felony if it "results in serious bodily injury *to another person*," Ind. Code § 35-42-2-1(f)(1) (2014) (emphasis added); a Level 4 felony if it "results in serious bodily injury *to an endangered adult*," Ind. Code § 35-42-2-1(h) (2014) (emphasis added); a Level 3 felony "if it results in serious bodily injury *to a person* less than fourteen (14) years of age if the offense is committed by a person at least eighteen (18) years of age," Ind. Code § 35-42-2-1(i) (2014) (emphasis added); or a Level 2 felony if it "results in the death of . . . *[a] person* less than fourteen [or] [a]n endangered adult." Ind. Code § 35-42-2-1(j) (2014) (emphasis added).

[17] Nothing in those subsections defining the elevated versions of battery that can be found based on injuries resulting from the battery requires the injured "person" to be the same "person" who was touched. *See generally* Ind. Code § 35-42-2-1 (2014). The only requirement is that the battery "results in" the injury. *See generally id*. Because "it is just as important to recognize what a statute does not say as it is to recognize what it does say," *Herron*, 729 N.E.2d at 1010, we hold the statutory definition of battery does not preclude a charge based on one person being touched and a second person being injured as a result of that touching.

The State charged Thompson with Level 5 battery based on the facts he pushed Brooke and, as a consequence, Wells sustained serious bodily injury. That charge comports with the statutory definition of battery provided by our legislature and we, therefore, affirm Thompson's conviction of Level 5 felony battery.

## *Double Jeopardy*

Next, Thompson asserts his two convictions of battery violate his constitutional right to be free of double jeopardy. *See* Ind. Const. art. 1, § 14 ("No person shall be put in jeopardy twice for the same offense."). That clause was intended to prevent the State from proceeding against a person more than once for the same crime. *Wharton*, 42 N.E.3d at 541. In particular, Thompson alleges his convictions violate the "actual evidence test." *See Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999), *holding modified by Garrett v. State*, 992 N.E.2d 710 (Ind. 2013). The actual evidence test requires us to "determine whether each challenged offense was established by separate and distinct facts." *Id.* at 53.

More than thirty-five years ago, our court considered whether two convictions of battery could be imposed for a single "beating . . . upon one victim":

> McGaughey argues her Fifth Amendment protection against double jeopardy has been violated because she was found guilty of two offenses: battery with a deadly weapon and battery resulting in serious bodily injury. Ind. Code 35-42-2-1(3) was the basis for the two counts of battery. This section provides:

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:

(3) A class C felony if it results in serious bodily injury to any other person or if it is by means of a deadly weapon.

We are of the opinion that the statute defines but one offense, with subsection 3 stating two alternative factual situations which, if proven, raise the level of the offense from a class B misdemeanor to a class C felony.

The elements of the basic offense are: (1) knowingly or intentionally (2) touching another person (3) in a rude, insolent or angry manner.

More severe punishment is provided when there are additional elements present ....

The class C felony, has the three basic elements plus either 'serious bodily, injury' or commission by means of a 'deadly weapon'.

"Commentary," West's A.I.C. 35-42-2-1, at 300.

Here, there was one beating, at one place, at one time inflicted upon one victim, there, but one crime was committed.

*McGaughey v. State*, 419 N.E.2d 184, 185 (Ind. Ct. App. 1981).

[21] Similarly, here, there was but "one beating, at one place, at one time inflicted upon one victim," *id.*, such that only one crime was committed. The factual

basis provided for Thompson's crimes at the change of plea hearing indicated he shoved Brooke only once, and that one shove in front of their son resulted in Brooke's twisted ankle and Wells' fall and injury. Thus, Thompson's single push of Brooke resulted in both of Thompson's convictions, in violation of his right to be free of double jeopardy. *See*, *e.g.*, *Wood v. State*, 999 N.E.2d 1054, 1065-66 (Ind. Ct. App. 2013) (defendant's three convictions of leaving the scene of a boating accident -- two counts enhanced from Class C misdemeanors to Class C felonies because the accident resulted in the death of two people and one enhanced to a Class D felony because the accident resulted in serious bodily injury to one person – subjected defendant to double jeopardy when he left the scene of only one accident), *trans. denied*, *cert. denied* 135 S. Ct. 250 (2014); *Wharton*, 42 N.E.3d at 541 (Double jeopardy clause violated when defendant's convictions of operating while intoxicated and of operating with a BAC of .110 both resulted "from the same actions, on the 'same date, [at] the same location.'"); *McGaughey*, 419 N.E.2d at 185 (one beating of one victim at one time and place is a single crime, even if facts support multiple separate enhancements of that single crime).

[22] When a double jeopardy violation has occurred, the "reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation." *Richardson*, 717 N.E.2d at 54. However, if doing so will not eliminate the violation, one of the convictions must be vacated. *Id.* Reducing either of Thompson's battery convictions will not eliminate the double jeopardy violation, as each of them is

based on the same touching of Brooke. *See Noble v. State*, 734 N.E.2d 1119, 1125-26 (Ind. Ct. App. 2000) ("Reducing one of the felony battery convictions to a lesser form of battery will not eliminate the double jeopardy violation because . . . a lesser battery conviction would still arise out of the same facts as the remaining felony battery conviction."), *trans. denied*. We therefore vacate Thompson's conviction of Level 6 felony domestic battery and remand for the trial court to resentence Thompson for the Level 5 felony battery.[5]

# Conclusion

[23] Indiana's statutory definition of battery does not require the person who is battered be the same person who is injured as a result of the battery; thus, the third count of the charging information states a crime for which Thompson could be convicted. Because Thompson's convictions of both Level 6 felony domestic battery and Level 5 felony battery relied on the same, single act of touching by Thompson, his conviction of both crimes subjected him to double jeopardy. We vacate Thompson's conviction of Level 6 felony domestic battery and remand for the trial court to enter a conviction of and sentence for only Level 5 felony battery.

[24] Affirmed in part, reversed in part, and remanded.

---

[5] As we hold Thompson's convictions constitute double jeopardy and remand for the court to resentence him for a single conviction, we need not address the alleged inappropriateness of his sentence.

Brown, J., and Pyle, J., concur.