## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2018, 11:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ezekiel O. Olayinka, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 13, 2018 <br><br> Court of Appeals Case No. <br> 49A05-1705-CR-995 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow Davis, Judge <br><br> Trial Court Cause No. <br> 49G16-1603-F6-8973 |

**Pyle, Judge.**

# Statement of the Case

Ezekiel Olayinka ("Olayinka") appeals his conviction by jury of: (1) Level 6 felony domestic battery;[1] (2) Level 6 felony battery in the presence of a child;[2] (3) Class A misdemeanor domestic battery;[3] and (4) Class A misdemeanor battery resulting in bodily injury.[4] He argues that there is insufficient evidence to support his conviction of Level 6 felony domestic battery. Concluding that the evidence is sufficient, we affirm Olayinka's conviction for Level 6 felony domestic battery.[5]

We affirm in part, reverse in part, and remand with instructions.

# Issue

> Whether there is sufficient evidence to support Olayinka's conviction for Level 6 felony domestic battery.

---

[1] IND. CODE § 35-42-2-1.3.

[2] I.C. § 35-42-2-1.

[3] I.C. § 35-42-2-1.3.

[4] I.C. § 35-42-2-1.

[5] Olayinka also argues, and the State concedes, that his four convictions violate the prohibition against double jeopardy. This Court has previously held that where there is one beating, at one place, at one time, inflicted upon one victim, there is but one crime committed. *Thompson v. State*, 82 N.E.3d 376, 383 (Ind. Ct. App. 2017), *trans. denied,* (citing *McGaughey v. State*, 419 N.E.2d 184, 185 (Ind. Ct. App. 1981)). We therefore remand this case to the trial court with instructions to vacate Olayinka's convictions for Level 6 felony battery in the presence of a child, Class A misdemeanor domestic battery, and Class A misdemeanor battery resulting in bodily injury.

# Facts

Olayinka and his wife, Oluwatoyin ("Wife") were married in Nigeria in 2010. At some point, Olayinka came to the United States, and Wife joined him in 2013. Olayinka and Wife have two children, a son ("Son") who was born in Nigeria and a daughter ("Daughter") who was born in the United States.

In January 2016, at approximately 10:30 a.m., Olayinka and Wife became involved in an argument in an upstairs sitting room while six-month-old Daughter was in an upstairs bedroom. Olayinka demanded that Wife sign papers for Son's school that had arrived in the mail. Wife refused to sign the papers because Olayinka would not allow her to read them first. Wife's refusal angered Olayinka, who slapped Wife in the face. Olayinka then slapped Wife several times and choked her. He also held her first by her hair and then by her neck and slapped her several more times and threatened to kill her. The slaps left marks on Wife's face, and her neck was bleeding.

Wife contacted a friend ("Wife's friend") who drove to Wife's home to pick her up and take her to the police station. When Wife's friend arrived at Wife's house, Wife was standing outside with her daughter in her arms. Wife had fresh blood on her neck, and her face was swollen. When Wife arrived at the police station, a police officer noticed that Wife had bruises and abrasions on her face. Wife was upset and crying.

The State charged Olayinka with Level 6 felony domestic battery; (2) Level 6 felony battery in the presence of a child; (3) Class A misdemeanor domestic

battery; and (4) Class A misdemeanor resulting in bodily injury. At trial, Olayinka denied slapping his wife. The jury convicted Olayinka of all four counts, and the trial court sentenced him to concurrent sentences. The total sentence was 361 days with credit for time served and the remainder of the sentence suspended to probation. Olayinka now appeals.

## Decision

[7] Olayinka argues that there is insufficient evidence to support his conviction for Level 6 felony domestic battery. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[8] To convict Olayinka of Level 6 felony domestic battery, the State was required to prove beyond a reasonable doubt that he touched Wife in a rude, insolent, or angry manner in the physical presence of the parties' six-month-old daughter, knowing that the daughter was present and might be able to see or hear the offense. *See* IND. CODE § 35-42-2-1.3.

[9] Olayinka's sole argument is that the "State did not present sufficient evidence to prove, beyond a reasonable doubt, that [Daughter] might have been able to see

or hear what was occurring between her parents." (Olayinka's Amended Br. 11). The gravamen of his argument is that Daughter was not present because she was in a different room. In *Manuel v. State*, 971 N.E.2d 1262, 1270 (Ind. Ct. App. 2012), we explained that the "critical question in determining whether a child is 'present' for the purposes of the statute is whether a reasonable person would conclude that the child might see or hear the offense; not whether the child is in the same room as where the offense is taking place."

[10] Here, our review of the evidence most favorable to the verdict reveals that Olayinka and Wife were upstairs in a sitting room arguing about Wife's refusal to sign papers when Olayinka began to slap and choke her. Wife had bruises and abrasions and was bleeding as a result of the battery. During this time, Daughter was in an upstairs bedroom. This evidence, which is sufficient for a reasonable jury to conclude that Daughter might have heard Olayinka battering his wife, is sufficient to support Olayinka's conviction of Level 6 felony domestic battery.

[11] Affirmed in part, reversed in part, and remanded with instructions.

Kirsch, J., and Bailey, J., concur.